MEYBERG & WANGELIN V. STEAGALL & CO.

51  351
81  298

1. INTERVENOR.—The right to intervene for the recovery of damages
   in an attachment suit, is limited to those who have an interest in the
   subject-matter of the original suit.
2. INTERVENTION—ATTACHMENT—PARTNERSHIP—INJUNCTION.—
   Suit was brought, by attachment, by B against C and D, as part-
   ners, on a note executed by them for a partnership debt before M,
   a new partner, was admitted into the firm. The business continued
   to be conducted after M's connection with the firm under the old
   firm name. M intervened in the suit, alleging his partnership and
   half interest in the stock of goods attached, and joined C and D in
   a claim for damages for wrongfully suing out the attachment:
   *Held*—
      1. That M had no such interest in the subject-matter of the suit
   as would authorize his intervention for the recovery of damages.
      2. The levy of a valid attachment in a proper manner on the
   partnership property of C and D was not wrongful, though if it
   should appear that, on a settlement of the partnership business,
   the prior claims of M and the creditors of the firm would absorb
   the entire interest of C and D, and leave nothing subject to levy,
   the enforcement of the attachment would in a proper proceeding
   be enjoined.
      3. The above is held, without deciding whether a third party
   whose property is wrongfully attached as that of another may
   intervene for the purpose of recovery.

APPEAL from Dallas. Tried below before the Hon. Nathan-
iel M. Burford.

On the 21st day of August, 1874, Meyberg & Wangelin
instituted suit in the District Court of Dallas county against
Steagall & Co., upon a note of $622.20, set out in their peti-
tion, alleging that said firm was composed of A. H. Steagall
and his wife, F. A. Steagall, and at the same time sued out
a writ of attachment upon the ground that defendants were
about to transfer their property for the purpose of defraud-
ing their creditors, and that thereby plaintiffs would probably
lose their debt, which was levied upon defendants' stock of
goods, consisting of furniture and queen's-ware.

At the February Term, 1876, R. A. McMurtray intervened

as a member of Steagall & Co.; to which plaintiff excepted. McMurtray alleged that, as a partner, he owned a half interest in the goods attached, and united with Steagall & Co. in a prayer for a judgment for $10,000 damages, alleged to have been caused by the wrongful suing out of the attachment.

The firm of Steagall & Co. had been in the furniture and queen's-ware business at Dallas for some years, and the evidence disclosed the fact that R. A. McMurtray, the intervenor, was at the time of the institution of the suit, and had been since the 17th day of March previous thereto, a partner in said firm, owning a half interest in the business thereof, but no change had been made in the style or name of the firm, nor in the sign over the door; it was ostensibly Steagall & Co., without change. The evidence disclosed that the note sued on was for a debt of the old firm, before McMurtray's connection with it.

On the 9th day of October, 1874, A. H. Steagall demurred generally and pleaded a general denial, and this plea was from time to time amended by the defendants and by R. A. McMurtray, both before and after his application to intervene, and in these amendments they plead in reconvention the attachment bond, and prayed judgment against appellants and their sureties to the amount of said bond. Besides, the defendants and intervenor plead in reconvention damages, both actual and exemplary, in the sum of $10,000 each.

The trial resulted in a judgment in favor of the appellants, against the defendants A. H. and F. A. Steagall, for $825.65, the value of the claim sued on, together with costs, and in favor of the defendants A. H. and F. A. Steagall and R. A. McMurtray, intervenor, jointly, against appellants, for $6,359.

Motion for new trial having been overruled, the case was brought up on appeal.

*R. D. Coughanour*, for appellants.

The court erred in overruling plaintiffs' exceptions filed

March 3, 1876, to the pleas of intervention and reconvention filed by defendants and intervenor, as set out in plaintiffs' bill of exceptions filed July 27, 1877.

The intervenor could not contest the right of plaintiffs to bring the suit or stand in judgment, nor can he change the nature of the suit. He must take it as he finds it.

The effect of so much of the exception as is relied upon is, that McMurtray, not being a defendant, has no right to intervene and reconvene for damages. True, it seems he was a partner in the firm of Steagall & Co., owning a one-half interest in the stock of goods attached, for which he had paid about $2,800, but the note sued upon was not made by him, (McMurtray,) nor by the new firm of Steagall & Co., of which he was a member, nor was he sued by these plaintiffs, nor did they know of his interest as a partner. (Holloway v. Holloway, 30 Tex., 164; Cordill v. McCullough, 20 La. Ann., 175; Burditt v. Glasscock, 25 Tex. Supp., 48.)

*Peeler & Maxey*, for appellees.—All persons whose interest may be affected by the decree have the right to come in voluntarily and intervene, that the respective rights of each may be adjudicated and determined in one and the same proceeding.

The effect of the exceptions referred to in the assignment of error is, that McMurtray, not being a defendant, has no right to intervene and reconvene for damages; and further, that neither defendants nor the intervenor can reconvene on the attachment bond executed by appellants. McMurtray was a partner in the firm of Steagall & Co. and the owner of one-half interest in the stock of furniture and queen's-ware levied on by the sheriff under the writ of attachment, and in such proportion was to share the profits and participate in the losses of the concern. (Garrett v. Gaines, 6 Tex., 446, 447; Legg v. McNeill, 2 Tex., 429, 432; Stoddart v. McMahan, 35 Tex., 299; Mussina v. Goldthwaite, 34 Tex., 131, 132; Sayles' Prac., sec. 189.)

23

GOULD, ASSOCIATE JUSTICE.—We are of opinion that the court erred, as set forth in the second assignment of error, in overruling plaintiffs' exceptions to the pleas of intervention and reconvention filed by defendants and intervenor.

The intervenor, McMurtray, was in nowise interested in the subject-matter of the original suit, nor did the wrongful suing out of an attachment against other persons (if, as alleged, the attachment was wrongful) give him a cause of action or right to intervene. The levy in a proper manner of a valid attachment against A. H. and F. A. Steagall, on the partnership property of the Steagalls and the intervenor, was not wrongful; though if it appeared that, on settlement of the partnership business, the prior claims of McMurtray and the creditors of the firm would absorb the entire interest of the Steagalls and leave nothing subject to levy, the enforcement of the attachment would on proper proceedings be enjoined. (De Forest *v.* Miller, 42 Tex., 37.; Warren *v.* Wallis, 42 Tex., 478; Bradford *v.* Johnson, 44 Tex., 383; Weaver *v.* Ashcroft, 50 Tex., 427.)

The plea of intervention does not purport to be in the nature of an equitable proceeding seeking to have the attachment proceedings to await the adjustment of the partnership accounts, but apparently seeks only to recover damages for the wrongful suing out and levy of the attachment.

McMurtray's intervention was voluntary, and it was only afterwards and conditionally that any recovery was sought against him. It is unnecessary, therefore, to inquire what would have been the rule had he been sued or made a party at the instance of plaintiffs.

So it is not material to inquire whether a third party, whose property is wrongfully attached as that of another, may intervene for the purpose of its recovery, as appears to have been held in Louisiana. (Field *v.* Harrison, 20 La. Ann., 411.)

To uphold the plea of intervention and reconvention filed by McMurtray, would, we think, be to go beyond any au-

thority to which we have been cited, and to extend the right to intervene in a case where it is not shown that the party claiming it has rights involved in the litigation to be protected. Because the court erred in overruling the exceptions to the plea of intervention, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.