## THOMAS RYAN v. GOLDFRANK, FRANK & CO.

### SUPREME COURT, GALVESTON TERM, 1883.

*Trial of Right of Property — Appeal — Practice.*—In appeals of cases for the trial of the right of property, both the writ and the sheriff's return should always constitute a part of the record.

*Claimant's Affidavit — Amendment.*—Where property had been levied on and taken from the possession of the claimant, and he has given the required bond, the fact that through some inadvertence of the sheriff, or the claimant, or the officer administering the oath, or in some other manner, the oath was left incomplete, it would not, if cured in time, deprive the claimant of the right to have his title to the property tried. The amendment of the affidavit was proper, and the court should have tried the case and disposed of the matters raised by the issue tendered.

Appeal from Webb county.

Opinion by West, J.—The appellees brought suit in the district court of Webb county against one John Bruni, to recover a monied judgment, and on the 31st of October, 1881, sued out a writ of attachment and had the same levied on certain personal property supposed to belong to the defendant, but which was found in the possession of appellant, who claimed to be the assignee of the defendant. In that capacity he set up title in himself to the attached property. Neither the writ nor the sheriff's return, both of which should always constitute a part of the record in cases of this character, are to be found in the transcript. It appears, however, that a considerable period of time elapsed between its issuance and its levy. On December 16, 1881, the property was seized. It appears from the reci-

tals in the claimant's bond, which was, on that day approved. that the appellant at the same time tendered him his written oath, that his claim was made in good faith. The bond being executed in conformity with the statute, the sheriff delivered the property to him. On the 28th day of January, 1882, in time for the February term of the district court, the sheriff returned the bond and oath to the clerk of the court, who, on that day, filed them. The record shows that the paper supposed to contain the oath, and delivered to the clerk, had, on the 16th day of December, 1881, either not been sworn to at all, or if actually sworn to, was wanting in the *jurat* of the officer, or the signature of the claimant, or possibly both. It does not appear very clearly what was the precise defect, but it may be inferred from the record, that the officer, by some inadvertence on his part, failed to attach to the oath his *jurat,* in both December and January, though the paper was before him at both dates in the form of an affidavit, and was probably signed by the claimant, and undoubtedly accompanied the bond. Taking this to be the correct view, the court allowed the *jurat* to be attached as of the date of January 28, 1882. On the 11th day of February, 1882, during the term of the court, the appellees moved to quash the oath and bond, among other grounds, because the claimant had not filed his affidavit in the manner required, and moved to dismiss the case. This motion was granted and all the proceedings were quashed and the cause dismissed, leaving, it would seem, the attached property in the hands of the appellant. The claimant, however, on the same day that this motion was made, excepted to it, and at the same time tendered as issue under the statute. This action of the court, in quashing the bond and dismissing the proceeding, is assigned as error.

We are of opinion that, under the facts, this motion should not have prevailed. The property had been levied on and taken from the possession of the claimant. He had given the required bond. The fact that through some inadvertence of the sheriff or the claimant, or the officer administering the oath, or

in some other manner the oath was left incomplete, would not, if cured in time, deprive the claimant of the right to have his title to the property tried. The amendment of the affidavit was proper. (Sims v. Redding, 20 Texas, 388; Arnold v. Kreissler, 22 Texas, 581.) Nor are we prepared to say, under the facts that the filing of the oath as of date, January 28, 1882, instead, of December 16, 1881, though undoubtedly informal. was such an irregularity or error as would vitiate the proceedings. It has been held that where the claimant executed his bond to the wrong person, he may be permitted to file a new bond. (Parker v. Portis, 14 Texas, 170.) After the amendment was allo   ʼ, as was done in this case, instead of dismissing the suit, the court should have tried the case and disposed of the matters raised by the issue tendered. (Sweeney v. Jarvis, 6 Texas, 38; Wright v. Henderson, 10 Texas, 204.) The case of Carter v. Carter, 36 Texas, 693, does not lay down any different rule. It is simply there held, as has been frequently done since, (Pool v. Sanford, 52 Texas, 621; Rodrigues v. Trevino, 54 Texas, 198, and other cases), that in ordinary attachment suits, third persons claiming only an interest in the property attached, and not in the subject matter of the suit, cannot intervene in the main action for the purpose of asserting their rights to the attached property. The proper course, as a general rule, if they desire to set up their right to the property, is to fill a claimant's bond, as was done in this case, or pursue the sheriff in an action of trespass, as was done in Weaver v. Ashcroft, 50 Texas, 427.

The judgment is reversed and the cause remanded.