Opinion by
White, P. J.
§ 214. Amendment. Amendments of writs and pleadings have always been liberally allowed in our practice, *167 when they could not operate to the material injury of parties in interest. [Roberson v. McIlhenny, 59 Tex. 615; Ryan v. Goldfrank, Frank & Co. 58 Tex. 356; Porter v. Miller, 1 Tex. 468.]
May 31, 1884.
§ 215. Same; of attachment writ. An attachment writ may be amended, so as to make it conform to the petition, etc., where the defect is merely clerical, and where no third party is^ interested, or could likely be affected by the amendment. [Drake on Attach. (5th ed.) § 282; Porter v. Miller, 7 Tex. 468.] In this case, plaintiff described itself in its petition as the “Martin-Brown Company.” In the writ of attachment the clerk described the plaintiff as “Martin, Brown & Co.”’ Defendant moved to quash the writ because of this variance. Plaintiff asked leave to amend the writ, so as to make it conform to its petition in this particular. The court refused to permit the amendment, sustained the motion to quash the writ, and rendered judgment releasing the property attached. Held, error; that the court should have allowed the writ to be amended as asked, the defect being a clerical one, and there being no third party to be affected by such amendment.
Eeversed and remanded.