## J. C. STANSELL · V. J. R. FLEMING.

### No. 7025.

1. **Intervention.**—To confer upon a party the right to intervene in a pending suit he must have such interest in the subject matter of litigation as makes it necessary or proper for him to come into the case for the preservation of that right.

2. **Sale of His Interest by One Partner to Another.** — A sale openly made by one partner of all interest in the partnership property could not operate to hinder, delay, or defraud creditors; for after the sale, as before, any firm creditor could subject the property to sale in satisfaction of his debt through judgment and execution.

3. **Same—Firm Creditors.**—That partners by agreement between themselves and without reference to the wishes of firm creditors may convert partnership assets into the separate property of one partner is well settled, and when this is done the right of the retiring partner to have the property subjected to the payment of firm debts as it before existed ceases, and with the cessation of his right goes every right in the nature of a lien the former creditor through him had.

4. **Intervention—Partners.**—Partners by consent dissolved, P. taking the stock and assuming the firm debts. He made a note to the outgoing partner, S., for balance on the purchase. The sale was public. The change of the firm was made known to its creditors. The outgoing partner on maturity of his note brought suit against P. and attached property. Fleming, a firm creditor, intervened and obtained judgment against both the parties, and decree for sale of the attached property. *Held*, that objections to the intervention of Fleming should have been sustained. He showed no interest in the subject of the litigation between the parties to the suit.

5. **Practice.** — In an intervention allowed without authority of law by the trial court, on appeal the intervention was dismissed without prejudice to his claim, burdened, however, with all costs incurred by reason of the intervention.

APPEAL from Eastland. Tried below before Hon. H. M. Spoontz, Special District Judge.

The opinion states the case.

*R. B. Truly,* for appellant.—1. To authorize a party to intervene in a suit he must show that he has an interest in the subject matter of the original suit. Burditt v. Glasscock, 25 Texas Supp., 45; Meyberg v. Steagall & Co., 51 Texas, 351; Rodriquez v. Trevino, 54 Texas, 198; Jaffray v. Meyer, 1 Ct. App. C. C., sec. 1350; Pool v. Sanford, 52 Texas, 633; Holloway v. Holloway, 30 Texas, 164; Whitman v. Willis, 51 Texas,

421; Story's Eq. Plead., sec. 76; Chitty on Plead., p. 2; Sayles' Plead. and Prac., sec. 281.

2.　A sale and delivery of personal property determines all the interest of the seller in the property and vests the property absolutely free of any lien, reservation, or interest in the purchaser.　A partnership creditor has no lien equitable or otherwise on the partnership property, except such as may be worked out through the equity of a partner, and in order to intervene or enforce any right of the creditor in any property he must have carried his claim or demand into judgment and execution, or he must have fixed his lien upon the property by an action at law.　These rules apply as well in cases where fraud is charged as in others.　Equity has jurisdiction of fraud, but it does not collect debts.　Gay v. Hardeman, 31 Texas, 245; White v. Parish, 20 Texas, 688–693; Benj. on Sales, sec. 797; Acts 1885, p. 76; Story's Eq. Jur., sec. 1253, note 5; Lind. on Part., ed. 1888, 334, 354, 698; Pars. on Part., pp. 342–347; Coll. on Part., sec. 125, note 2; Adams' Eq., p. 282; 3 Kent Com., pp. 78–84; Bump on Fraud. Conv., 3 ed., 533–535, and notes; 32 N. Y., 457; Same Case, 29 How. Prac., 397; Young v. Frier, 9 N. J. Eq., 465; Meux v. Anthony, 11 Ark., 411; Smith v. Hurst, 10 Hare, 30; McKinley v. Combs, 1 Mon., 105; Griffith v. Bank, 6 G. & J., 424; Davy v. Washburn, 24 How., 352; Jones v. Green, 1 Wall., 330; Cropsy v. McKinney, 30 Barb., 47; Neustadt v. Joel, 2 Duer, 530; Willets v. Vandenburgh, 34 Barb., 424; Allen v. Montgomery, 48 Miss., 101; Oberholser v. Greenfield, 47 Ga., 330; Claflin v. French, 28 N. J. Eq., 383; Bennett v. Stout, 98 Ill., 47.

3.　It is not pretended that the intervenor had any lien save as a partnership creditor in equity.　White v. Parish, 20 Texas, 688; Lind. on Part., ed. 1888, p. 334, and authorities cited; Bump on Fraud. Conv., 3 ed., 533, 534.

*J. M. Moore*, for appellee.—While the intervenor had no direct interest in the notes sued on, in view of his interest in the property attached, and in view of his peculiar relation to plaintiff and defendant, the court did not err in respect to the matter assigned.

On intervention:　Meyberg v. Steagall, 51 Texas, 351; Pool v. Sanford, 52 Texas, 637; Jones v. Ford, 60 Texas, 129.

On injunction:　Rogers v. Nichols, 20 Texas, 724.

On consolidation:　Sayles' Civ. Stats., art 450, and note p. 421.

Right of firm creditor to be first paid:　Pars. on Con., *253, *344; Warren v. Wallis, Landes & Co., 38 Texas, 228.

Retiring partner still liable:　Pars. on Con., *409.

STAYTON, CHIEF JUSTICE.—Prior to January, 1886, J. C. Stansell and J. E. Pritchard were partners in a furniture business, but about that time the partnership was dissolved, Stansell selling his interest in

the firm assets to Pritchard, who, as between themselves, assumed all firm debts and executed to Stansell a note for $500, payable January 1, 1887. On October 23, 1886, Pritchard executed to B. D. Stansell his note for $241.55, payable one day after date, and of this note J. C. Stansell became the owner at some time prior to January 12, 1887. On date last named J. C. Stansell brought an action against Pritchard on the two notes mentioned, and to secure their payment he sued out a writ of attachment that was levied on a lot of furniture belonging to Pritchard. During the continuance of the partnership between Pritchard and Stansell they purchased a stock of furniture from J. R. Fleming on credit, and therefor executed promissory notes aggregating about $3000, which were unpaid when Stansell brought this action against Pritchard.

When this action was brought Fleming, by agent, filed affidavit and claimant's bond to try the right to the attached property, whereupon the property attached was delivered to him, and the claim and bond filed by him were filed in the District Court in which this action was brought, but subsequently he filed in this cause his petition in intervention, in which he set up the indebtedness of Stansell & Pritchard to him as would be necessary in an ordinary action against them; that they were insolvent, and that as a partnership creditor he had a lien on the attached property which he asked might be enforced. He also made known to the court that the steps taken to try the right to attached property were taken by mistake by his agent; that the same issues would be involved in such a trial as were presented by his petition in intervention, and for this reason he prayed consolidation, that the two actions be tried together, and that Stansell be restrained from proceeding to trial and judgment in the proceeding to try right to the property until this case should be disposed of. He also prayed for judgment against the firm composed of Stansell and Pritchard and against each of them individually for the sum due on the notes executed by them to him, and for a decree declaring and enforcing a lien in his favor on the attached property, because the indebtedness to himself was one created while the partnership between Stansell and Pritchard existed.

Stansell filed exceptions which questioned the sufficiency of the averments of the petition in intervention to entitle Fleming to intervene, but these were all overruled. He further denied that the property levied upon was partnership property or that Fleming had any lien upon it either legal or equitable, and alleged the dissolution in January, 1886, of the partnership theretofore existing between Pritchard and himself, and the sale of his interest in partnership assets to Pritchard.

By supplemental petition Fleming alleged that the sale by Stansell to Pritchard of his interest in the assets of the partnership was made to hinder, delay, and defraud the firm creditors; that the firm was at time of dissolution in failing circumstances; and also denied the fact of dis-

solution, and claimed that the attached property as to him was still partnership property on which he had an equitable lien.

A trial was had upon the merits, without a jury, and judgment was entered in favor of Stansell against Pritchard for the sum claimed in the petition, but foreclosure of attachment lien was refused. The court thereon rendered judgment in favor of Fleming against Stansell and Pritchard as partners and individually for the sum due to the former, which declared and directed to be enforced an *equitable lien* in favor of Fleming on the attached property; all of which was directed to be sold and the proceeds applied to the satisfaction of the judgment. The judgment went further and enjoined Stansell perpetually from proceeding to judgment in the suit for trial of right to attached property against intervenor and the sureties on his bond given as a claimant.

The evidence leaves no question as to the reality of the sale by Stansell to Pritchard of all the interest of the former in the firm assets; the fact of dissolution was made known by publication of the fact in the newspaper of the town, and of it Fleming was not ignorant, for Stansell had sought to be relieved from liability for this firm debt, and Fleming had refused to release him and had failed to take steps to make his money out of the property in the hands of Pritchard, although notified by Stansell to do so as early as April 26, 1886, and of the fact that Pritchard had assumed the payment of all the firm liabilities.

Many questions are presented by brief of counsel for appellant bearing on the jurisdiction of the court to render a personal judgment against Stansell, and upon other matters which we do not deem it necessary to consider.

The important inquiry in this case is, does the intervenor show such facts as entitled him to intervene in this action? To confer upon him this right he must have such interest in the subject matter of litigation as makes it necessary or proper for him to come into the case for the preservation of that right. Recognizing this fact, appellee asserts a lien on the attached property and states the facts from which this lien is claimed. He has no lien, as a vendor, on the property attached, even if it was shown that the property was the same sold by him to Stansell and Pritchard, for he sold on a credit and parted with the possession, but he asserts a lien because the debt which he seeks to enforce is a partnership debt, and the property, in part at least, once partnership assets. The pleadings as well as the evidence show indisputably that the partnership between Stansell and Pritchard was dissolved, and that this was consummated by a sale made by Stansell to Pritchard of all his interest in the partnership assets, the latter as a part of the consideration for this sale assuming liability for all partnership indebtedness of the firm, and for the balance executing one of the notes now sued upon. Such a transaction openly made could not operate to hinder, delay, or defraud creditors of the firm; for after the

sale, as before, any firm creditor could subject the property to sale in satisfaction of his debt through judgment and execution.    During the existence of the partnership appellee, as a firm creditor, had no such lien as he could have enforced in the manner in which he now claims and seeks to enforce a lien; although through equities between the partners on acquiring a lien by levy of execution, or in any other lawful manner, his right would be superior to that of any creditor of one member of the firm.

That partners by agreement between themselves and without reference to the wishes of firm creditors may convert partnership property into the separate property of one partner is well settled, and when this is done the right of the partner to have the property subjected to the payment of firm debts as it before existed ceases, and with the cessation of his right goes every right in the nature of a lien the firm creditors through him had.    White v. Parish, 20 Texas, 689; Rogers v. Nichols, 20 Texas, 719; Weaver v. Ashcroft, 50 Texas, 427; Swearingen v. Bassett, 65 Texas, 272; Kendall v. Hackworth, 66 Texas, 499; Lindl. on Part., 334, 689, and cases cited in notes.

If on dissolution Stansell had retained the right to have the property applied to the payment of the firm debts by an agreement to that effect, then the right of firm creditors might be the same as before dissolution, but even then we do not see that appellee would have the right to intervene in this cause, for a sale under foreclosure of the attachment sued out by Stansell would not divest any right a creditor could possibly acquire through such an agreement.    Appellee was not the owner of the property; he had no lien on it, either legal or equitable, and therefore showed no such interest in the property seized under attachment as entitled him to intervene for its protection.

The rendition of a judgment in favor of Stansell against Pritchard, and a sale of the attached property under it, would deprive him of no right, and we are of opinion that the court below should have sustained the exceptions to his plea in intervention.    Pool v. Sanford, 52 Texas, 621; Meyberg v. Steagall, 51 Texas, 351; Whitman v. Willis, 51 Texas, 421; Nenney v. Schluter, 62 Texas, 327; Johnson v. Heidenheimer, 65 Texas, 263; Noyes v. Brown, 75 Texas, 458; Building Association v. King, 71 Texas, 729.

That appellee, as is conceded, had no such interest as entitled him to institute a proceeding under the statute to try right to property attached is clear, yet through that he obtained possession of the property, and the judgment entered deprives appellant of all right to prosecute such remedies as the law gives on account of the assertion of this unfounded claim, and even goes further and establishes a lien in favor of appellee on the attached property when the law under the facts gives none, and this forecloses to enforce the payment of sums due by Stansell and Pritchard to appellee.    All this was error, growing out of the

erroneous ruling of the court below in overruling exceptions to the petition of intervenor.

For the errors noticed the judgment of the court below in all matters, except in so far as it adjudges to Stansell the sum due him from Pritchard with proper costs, will be reversed; and the petition in intervention will be dismissed without prejudice to the right of appellee to maintain any proper action against Stansell and Pritchard to secure the sum due by them to him; appellant to recover all costs incurred by the intervention as well as the costs of this appeal from appellee.

On the judgment rendered in favor of Stansell against Pritchard the former, for satisfaction, will be entitled to look to appellee and the sureties on the claimant's bond.   Frieberg v. Elliott, 64 Texas, 367.

It is so ordered.

*Reversed and rendered.*

Delivered June 5, 1891.