## J. E. WATKINS V. CITIZENS NATIONAL BANK OF ROCKWALL ET AL.

### Decided December 10, 1908; January 24, 1909.

**1.—Landlord and Tenant—Lien—Waiver.**

Evidence considered and held to support a finding that a landlord's lien for his stock sold the tenant to enable him to make a crop had been waived— the tenant never having cultivated the rented premises and the property being absent therefrom more than thirty days.

**2.—Lien—Conversion—Intervention.**

In a suit in the County Court on notes secured by a mortgage on personal property, which sought foreclosure of the lien and personal judgment against a third party for the value of a part of the mortgaged property which had been sold to and converted by him, the holder of a junior lien on the converted property had no right to intervene for the purpose of having personal judgment against such third party for the excess of the value of the converted property over the claim of the prior lien holder.

#### ON MOTION FOR REHEARING.

**3.—Conversion of Mortgaged Property.**

The recovery by a mortgagee for conversion of the mortgaged property is limited to the value of the debt secured, though the converted property is worth more.

**4.—Intervention—Pleading—Interest in Subject Matter.**

The allegation of an intervener that he is interested in the subject matter of the litigation is a mere pleading of a conclusion of law, to be given effect only as far as the facts alleged support such conclusion.

**5.—Intervention—Interest in Litigation.**

An interest in the property in litigation in a mortgage foreclosure does not give a right to intervene where there is no interest in the particular rights, wrongs or remedies involved in such litigation.

Appeal from the County Court of Rockwall County. Tried below before Hon. H. M. Wade.

*Abernathy & Mangum* and *Abernathy & Abernathy,* for appellant.

*T. B. Ridgell,* for appellee.

*J. W. Reese,* for intervener Snead.

HODGES, ASSOCIATE JUSTICE.—The Citizens National Bank, one of the appellees herein, sued K. T. Jones on two promissory notes aggregating $306, and also sought the foreclosure of two mortgages given by Jones to secure the notes. The notes and mortgages were executed in February and June of 1905. The property upon which the mortgages were given consisted of two mules, a horse and a mare,

and some crops to be grown by Jones during that year. The appellant, Watkins, was made a party defendant upon the grounds that he had converted some of the stock upon which the bank had a mortgage, and judgment was asked against him for the value of the property converted. Watkins in his defense alleged that in December, 1904, he sold the stock in question to Jones to enable the latter to make a crop on twenty-six acres of land which he (Watkins) then rented to Jones for the year 1905, and that he had a landlord's lien upon the property sold. It appears from the evidence that Jones lived upon another tract of land a short distance from the twenty-six acres alluded to by Watkins; that Watkins did make a contract with Jones to cultivate the twenty-six acres of land and did sell him the property in controversy, for which he took Jones' note, reserving a lien. The testimony further shows that Jones never attempted to make a crop upon the premises rented to him by Watkins; never did any work upon it except to haul some wood therefrom for Watkins, and never at any time lived or kept his property upon those premises. It is further shown that Watkins knew, as early as June, 1905, that Jones had abandoned the intention of making any crop upon the premises. From this testimony the court found that although Watkins had a landlord's lien, it was lost by reason of the property being absent from the rented premises more than thirty days. Judgment was rendered in favor of the bank upon the two notes as prayed for, and also a judgment of foreclosure upon such of the property as could be found and which was described in the mortgage. It develops, however, that only one of the animals could be found, the others having been disposed of; that the value of this is shown to have been $100; and that same was credited upon the judgment of the bank against Jones, and judgment rendered against Watkins for the remainder. We think the testimony is sufficient to justify the findings of the court upon the issues involved between the bank and Watkins, and to support the judgment rendered.

The appellee R. A. Snead intervened in this suit, between its institution and the day of trial, and in his petition alleges substantially the following: That he had an interest in the subject matter involved in the suit by reason of these facts: That he had theretofore recovered a judgment against Jones in the Justice Court of Rockwall County for the sum of $110.75 and costs of suit; that in that suit he also obtained a judgment foreclosing his mortgage lien upon the same personal property involved in this suit, but that no order of sale was issued because the property could not be found. He admits that his lien is subsequent to that of the bank. He alleges that the value of the property described in the mortgage is sufficient to pay off and discharge the debt of the bank, including costs, and enough remain to satisfy his judgment. He alleges that the property upon which his lien existed was appropriated by Watkins, and asked for a judgment against Watkins for the value of the property so converted upon which he had a lien, or whatever excess may remain after deducting Watkins' liability to the bank. To this petition of intervention Watkins filed exceptions, which were by the court overruled and a judgment rendered against him in favor of Snead for the sum

of $100 for the value of one particular animal alleged to have been converted, and for any excess of the value of the other property that might remain above his liability to the bank, not exceeding the balance due upon the intervener's claim.

We think the court should have sustained the exceptions of Watkins to this petition of intervention. It shows no such interest in the subject matter of this suit as would authorize an intervention. It practically sought only a personal judgment against Watkins for an amount less than the jurisdiction of the court. Snead had already acquired a judgment for his debt in the foreclosure of his mortgage, and those issues were not necessary to be adjudicated in this suit. The fact that Watkins had converted the property upon which both Snead and the bank had a mortgage, did not create a joint right of action by Snead and the bank nor authorize an intervention by the former. Snead's claim against Watkins was less than the jurisdiction of the court, and the court therefore had no right to entertain his petition.

The judgment of the appellee Citizens National Bank against Watkins will be affirmed, but the judgment of the court in refusing to sustain the exceptions of Watkins against the intervention of Snead will be reversed and a judgment here rendered dismissing the plea of intervention. All of the costs incurred by reason of Snead's intervention in the court below, and all of the costs of this appeal except that which accrued by reason of Watkins' appeal from the judgment in favor of the Citizens National Bank will be adjudged against Snead. The remainder of the costs of this appeal will be adjudged against Watkins.

### ON MOTION FOR REHEARING.

The appellant Watkins in his motion for a rehearing has called our attention to the fact that the judgment rendered against him in favor of the bank, and which was affirmed in the original opinion, is in excess of the sum due from Jones to the bank and to secure which the property converted by him was mortgaged. A simple calculation shows that after allowing the proper credits the debt evidenced by the note from Jones to the bank amounted to $219.58, from which under the judgment of the court should have been deducted the further sum of $100 realized by the bank from the sale of one of the mortgaged animals, leaving a balance of $119.58 due from Jones on the note secured by the mortgage. Under the rule announced in this State, where the debt is less than the value of the mortgaged property the amount of the debt is the measure of damages which the mortgagee may recover from one who has converted the mortgaged property. According to that rule the judgment of the County Court was erroneous, inasmuch as the mortgaged property was shown to be worth $200 and judgment for that amount was rendered against Watkins. He was liable for only $119.58 besides the costs of suit. This feature of the judgment was overlooked in our discussion of the case in the original opinion, our attention not having been called to it by appellant in his brief or argument. We think the motion for rehearing should be granted and the judgment complained of modi-

fied to that extent. It will therefore be reformed so as to authorize a recovery against Watkins for the sum of $119.58 and costs of the lower court, but the costs of this appeal from the judgment here complained of will be adjudged against the appellee bank. The motion for rehearing is therefore granted, and the judgment modified and affirmed as modified.

The intervener Snead has also filed a motion for a rehearing, complaining of the judgment of this court dismissing his petition of intervention. In support of this motion the intervener has referred us to a line of authorities, holding that the mere fact that a claim is below the jurisdiction of the court in which the proceedings are pending is no ground for denying the right of intervention therein if a good reason is otherwise shown. Upon this legal proposition he bases his argument in support of the motion for a rehearing. It may be that we did not make our position fully understood in the original discussion of this case, and for that reason we now deem it proper to say that we did not rest our decision in dismissing the petition of intervention upon any ruling opposed to the doctrine announced in those decisions; on the contrary, we were fully aware of their existence and recognized them as authorities. We meant, however, to hold that the facts stated in the petition of the intervener did not show any right which would authorize him to intervene in this suit.

In order to determine the correctness of our conclusion as to the right of the intervener to make himself a party to this suit, we will undertake to analyze the issues involved.

The suit was instituted by the appellee bank, as plaintiff, against Jones, as defendant, seeking to recover a judgment upon two promissory notes theretofore executed and delivered by Jones to the bank, and to foreclose two mortgages given for the purpose of securing payment of the notes. Watkins was made a party defendant and a judgment sought against him upon the ground that he had converted a portion of the personal property covered by one of the mortgages. In this attitude of the case Snead filed a petition of intervention alleging the facts substantially as set out in the original opinion.. His right to intervene must depend upon the facts which he alleges in his pleadings, and by those must the sufficiency of his petition be tested, not by the simple fact that he is a junior mortgagee and as such might be generally entitled to make himself a party for the purpose of protecting some right not here mentioned. His statement that he has an interest in the subject matter of the litigation will be treated as a mere legal conclusion of the pleader and not the averment of a fact. If Snead is interested merely in the thing in litigation, that is, the mortgaged property, and not in the particular rights, wrongs or remedies involved, then he has no right to make himself a party; or if it does not appear that he will or may be affected prejudicially he has no right to make himself a party. Stansell v. Fleming, 81 Texas, 297; Townes' Pleading, 208. What are the rights asserted by Snead upon which he must rely to support his right of intervention? He claims to be the owner of a judgment against Jones, the common debtor, and the decree foreclosing a mortgage on some of the property upon which the bank also asserts a lien. He admits the priority of

the lien held by the bank, the amount of the debt it claims against Jones, and does not in any manner object to the relief asked by the bank.  Neither is any further relief sought against Jones.  The prayer is for a personal judgment against Watkins for the conversion of a portion of the property upon which he held a junior mortgage.  The purpose of the intervention, therefore, was solely to recover such judgment.  The question, then, is reduced to this issue: when the bank as the owner and holder of a first mortgage sued Watkins for conversion of the mortgaged property, did Snead, as the holder of the junior mortgage, have any right at stake which rendered it either necessary or proper for him to become a party to the suit?  If so, what were they?  The subject matter of the litigation so far as the intervention is concerned, was the wrong committed by Watkins, that is, the conversion of the mortgaged property; the rights of the injured parties, that is, the personal liability of Watkins to each to the extent of the injury done; the remedy, that is, the recovery of a personal judgment against Watkins commensurate with the injury.  This liability, if it existed, can not be said to be to the plaintiff and intervener jointly, but to each separately.  If Watkins, by the conversion became personally liable to Snead for the full amount of the debt secured, or of the value of the property converted, regardless of the fact that the bank held a prior mortgage on the same property, which might give rise to an action by it for conversion  also there was no occasion for an intervention.  On the other hand, if Watkins became liable only for such excess of the value of the property converted, as remained after deducting his liability to the bank, for the conversion of its security there still would be no reason for an intervention, because a judgment rendered against Watkins in a suit by the bank for such conversion would be entitled to no more consideration in determining the amount of the extent of his liability to the bank than would its personal judgment against Jones.  Had the bank sued either Watkins or Jones alone merely for the purpose of recovering a personal judgment, without also attempting to obtain a foreclosure of its mortgage lien on the property, it could not be claimed that Snead would be either a necessary or proper party to such litigation; and had he attempted to intervene in either action he should have been dismissed.  This intervention is not in the action of the bank against Jones, but in that portion of the suit which seeks a judgment against Watkins alone.  If the intervener could not have made himself a party, had the suit been by the bank against Watkins alone for conversion, the same rule would also exclude him from intervening in an action against Watkins, although coupled with another where the purpose of the intervention is solely to obtain a judgment against Watkins alone for damages for the conversion.

We think, however, that our former ruling should be modified so as to make the judgment of dismissal operate without prejudice to the right of the intervener to institute in a court of competent jurisdiction a separate action against Watkins for conversion, should he elect to do so.

*Reformed and rendered.*