## WILKIE et al. v. WILKIE et al. (No. 8343.)

(Court of Civil Appeals of Texas. Dallas. March 13, 1920.)

1. **Sequestration ☞18—Claimant who did not file sworn plea and bond could not intervene.**

In suit for debt and to foreclose chattel mortgage wherein plaintiff levied writ of sequestration on the property, claimant thereof could not intervene without filing sworn plea, under Vernon's Sayles' Ann. Civ. St. 1914, art. 7769, setting up his ownership of the property, and also filing claimant's bond.

2. **Sequestration ☞18—Intervention not showing interest in subject-matter should have been stricken.**

In suit for a debt and to foreclose chattel mortgage, wherein plaintiff levied writ of sequestration on property, intervening claimant's plea based on conversion by plaintiffs, which did not show right to intervene by setting up interest in subject-matter of suit, debt sought to be collected, should have been stricken out, and judgment for the intervener thereon was improper.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Suit by G. W. Wilkie and others against J. H. Wilkie, wherein J. K. Wilkie intervened. From the judgment, plaintiffs appeal. Affirmed in part; reversed and rendered in part.

T. B. Ridgell, or Rockwall, for appellants. Will S. Payne, of Dallas, for appellees.

TALBOT, J. The appellants, plaintiffs below, sued the appellee, J. H. Wilkie, for a debt and to foreclose a chattel mortgage on six mules. He also sued out and caused to be levied on said mules a writ of sequestration. The defendant failed to replevy the mules, and the plaintiffs, on the 24th day of January, 1919, replevied the same by giving bond as authorized by statute with Paul Snow and Francis Clark as sureties. Intervener alleged, and there is testimony tending to show, that the mules had been sold, and that their total value was $570. Just who sold the mules, and when they were sold, does not appear. The defendant, J. H. Wilkie, filed an answer but made no defense at the trial. On May 3, 1919, J. K. Wilkie intervened in the suit, alleging, in substance, that the mules in question were levied on by virtue of the sequestration sued out by the plaintiffs, as the property of the defendant, J. H. Wilkie, but that said mules belonged to intervener and were taken from his possession; that plaintiffs caused the mules to be seized willfully and maliciously under the writ of sequestration, which was returnable to an impossible date; "and that, by reason of having same served and the possession of said mules taken and sold under a 'void attachment,' the intervener has been damaged in the sum of $640, for which sum he asks judgment." He also asks judgment for $100 as exemplary damages on account of the malice of the plaintiff G. W. Wilkie. The plaintiffs excepted to the plea of intervention and moved to strike it out, in effect, on the ground that the same showed no interest of the intervener in the subject-matter of the suit. The exception was overruled, and after hearing the evidence the court, no jury having been demanded, gave judgment for plaintiffs against the defendant, J. H. Wilkie, for their debt, without any foreclosure of their mortgage or sequestration lien, judgment in favor of the intervener against the plaintiffs in the suit for the title and possession of the mules, and adjudging that in the event the mules were not "forthcoming" intervener have judgment against the plaintiffs and the sureties on the replevy bond in the sum of $570. The judgment further directed that execution be first levied upon property of the appellee situated in Rockwall county subject to forced sale, before any levy be made on the property of the sureties on the replevy bond, etc.

[1, 2] The overruling of the appellants' exceptions to the plea of intervention and the judgment in favor of the intervener are assigned as error. The assignment should be sustained. The intervener had a plain statutory remedy for asserting and establishing his claim to the property involved in the suit. Article 7769 of Vernon's Sayles' Texas Civil Statutes provides:

"Whenever any sheriff or other lawful officer shall levy a writ of execution, sequestration, attachment or other like writ upon any personal property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make oath in writing, before any officer authorized to administer oaths, that such claim is made in good faith, and present such oath in writing to the officer who made such levy."

By making this affidavit and giving bond as prescribed in articles 7770 and 7771 of said statute, a simple proceeding is instituted for the trial of the right of property seized under either of the writs mentioned in the article quoted, and the concensus of judicial opinion seems to be that either such remedy must be resorted to in case of such seizure, or a suit for conversion and damages. As

said in Reddick v. Elliot, 28 S. W. 43, the statute referred to, in connection with the question of intervention, has been reviewed a number of times by the appellate courts of this state, beginning with Vickery v. Ward, 2 Tex. 214, and in the case of Whitman v. Willis, 51 Tex. 422, it is announced that, when the right to personal property levied upon is involved, it is, as a general rule, the proper practice to require parties to be confined to the more simple and less expensive mode of the trial of right of property provided by statute. Again, in Hillebrand v. McMahan, 59 Tex. 450, it is held:

"That third parties interested in the subject-matter should protect their rights in other ways than by making themselves parties to the attachment suit; that the claimant in the case of personalty should resort to the action of trial of right of property, and in case of real estate to his action of trespass to try title, or to remove clouds, or other appropriate proceeding."

At all events, it seems to be settled in this state that the claimant may not intervene when his property has been levied upon under one of the writs named without filing a sworn pleading setting up his ownership of the property and a claimant's bond. Carter v. Carter, 36 Tex. 693; Ryan v. Goldfrank, 58 Tex. 356. But if the rule above announced did not preclude the appellee J. K. Wilkie, from intervening in this suit, then the right of intervention did not exist because he showed no interest in the subject-matter of the suit. The subject-matter of the suit was the debt sought to be collected by appellants from the appellee J. H. Wilkie. The mules were seized by the sequestration sued out as security, but the right of the intervener to them was not put in issue "by the form of proceeding." The appellants were entitled to judgment for their debt, and the enforcement of the sequestration followed as a matter of course. They were allowed a judgment for their debt but denied an enforcement of the sequestration or foreclosure of their mortgage lien. The right of the intervener to recover of the appellants and the sheriff damages for the conversion was not to be in any way, so far as shown, affected by the rendition of the judgment sought by appellants and the enforcement of the sequestration or foreclosure of their mortgage. Not being a party to the suit, such judgment would not have been binding upon him. The intervener's plea, under the decisions of our courts, did not show a right to intervene, and the plea should have been stricken out. Williams v. Bailey, 29 S. W. 834; Ryan v. Goldfrank, 58 Tex. 356; Rodrigues v. Trevino, 54 Tex. 198; Pool v. Sandford, 52 Tex. 621; Meyberg v. Steagall, 51 Tex. 351; Lang v. Dougherty, 74 Tex. 229, 12 S. W. 29; Whitman v. Willis, 51 Tex. 421; Fisher v. Bogarth, 2 Willson, Civ. Cas. Ct. App. § 120; Boltz v. Engelke, 43 S. W. 47; Hinzie v. Kempner, 82 Tex. 617, 18 S. W. 659; Stansell v. Fleming, 81 Tex. 294, 16 S. W. 1033.

It is familiar law that the interest authorizing the intervention must be an interest in the subject-matter of the original suit, and the intervener here does not pretend to have any interest in the debt, the subject-matter of this suit, that could be affected by the judgment that could have been and was rendered therein. The cause of action asserted by him in his plea of intervention was simply one against appellant for the conversion of the mules, for which he asked actual damages in the sum of $640, and exemplary damages in the sum of $100. As hereinbefore, in substance, stated, third persons claiming only an interest in the property attached or sequestrated, and not in the subject-matter of the suit, cannot intervene in the main action for the purpose of asserting their right to the attached property. The proper course, as a general rule, if they desire to set up their right to the property, is to file a claimant's bond "or pursue the party causing the seizure in a separate action for conversion, or the officer who made the levy in an action of trespass." Ryan v. Goldfrank, supra.

If it be conceded that the effort of the appellants to foreclose their mortgage lien upon the mules in question entered into and formed a part of the subject-matter of the suit, the intervention should not have been allowed. The intervener alleged that the mules had been replevied and sold and did not seek by his plea of intervention to establish his title or claim to the mules or insist that appellants' mortgage be not foreclosed, and not being a party to the suit he would not have been affected prejudicially by such foreclosure. He proceeded, as shown by his pleadings, solely upon the theory that his mules had been converted by the appellants, and by unnecessarily injecting into this suit an action for such conversion sought to recover both actual and exemplary damages therefor. To confer upon him the right to intervene, he must have such interest in the subject-matter of litigation as makes it necessary or proper for him to come into the case for the preservation of that right. Stansell v. Fleming, supra. If he "is interested merely in the thing in litigation—that is, the mortgaged property"—or if it does not appear that he may be affected prejudicially, he has no right to make himself a party. Townes, Pleading, 293; Watkins v. Citizens' National Bank, 53 Tex. Civ. App. 437, 115 S. W. 304. It is well said in Whitman v. Willis, supra, that—

"Although due regard should be had to the advantages of the proceeding by intervention in preventing a multiplicity of suits, yet we should also, as far as practicable, guard against its disadvantages. It is a practice liable to abuse, has a tendency to multiply the issues, imposes frequently great additional labor and respon-

sibility upon the presiding judges below to properly present in the charge these issues to the comprehension of the jury, and tends to confusion in the trial of causes."

The views expressed render it unnecessary to decide other questions raised. The judgment of the district court in favor of the appellants for their debt is affirmed, but in so far as it denied to appellants an enforcement of their sequestration and foreclosure of their mortgage lien, and awards the intervener a recovery of the mules sequestrated or in the event they are not forthcoming, a recovery of the sum of $570, is reversed, and judgment will·be here rendered in favor of appellants, enforcing the sequestration and foreclosing the mortgage lien, and dismissing the plea of intervention.

Affirmed in part, and reversed and rendered in part.

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes