## O'BRIEN v. FIRST STATE BANK & TRUST CO. OF TAYLOR.  (No. 6718.)

(Court of Civil Appeals of Texas. San Antonio. March 15, 1922. Rehearing Denied April 12, 1922.)

1. **Parties ⬗18, 32—All persons materially interested in the subject-matter of a suit should be made parties thereto.**

In equity all persons materially interested in the subject-matter of a suit should be made parties in order that complete justice may be done and a multiplicity of suits prevented.

2. **Parties ⬗38—Rules governing intervention strictly enforced.**

Adequate rules governing the admission of interveners into pending causes of action must be strictly enforced, and litigants duly protected against delay and confusion.

3. **Parties ⬗40(1)—When intervention will be permitted.**

Intervention will not be permitted unless the intervener, as sole plaintiff, would be entitled to at least a portion of the relief sought, or, as a defendant, would be able to defeat a recovery in part at least.

4. **Parties ⬗40(2)—Refusal to permit a defendant in a separate suit to intervene in other suit by same plaintiff held proper.**

In bank's action on notes, some of which had been executed by defendant and others of which had been assumed by defendant, and to foreclose deeds of trust securing payment of notes, refusal to permit an administrator who was being sued by the bank in another action on notes alleged to have been executed by his intestate to such bank, but which were included among the notes on which the bank based first action, and which were alleged to have been assumed by the defendant in such first action, to intervene in such action in case judgment was recovered against him in the suit pending against him *held* proper in view of the delay intervention would cause; it not appearing that the intervention would facilitate the foreclosure, or that intervention was necessary to protect the administrator's rights in the action pending against him.

Appeal from District Court, Williamson County; George Calhoun, Judge.

Action by the First State Bank & Trust Company of Taylor, Tex., against Robert J. Eckhardt and others, in which George C. O'Brien, administrator of the estate of Mrs. Mary E. Henderson, deceased, filed plea in intervention. General demurrer and special exceptions to plea of intervention sustained, and the intervener appeals. Affirmed.

Wilcox & Graves, of Georgetown, for appellant.

Critz & Lawhon, of Taylor, J. A. McNair, of Houston, and White, Cartledge & Wilcox, of Austin, for appellee.

FLY, C. J. This is an appeal from the action of the district court in sustaining a general demurrer and special exceptions to a plea of intervention by appellant in a suit wherein appellee was the plaintiff and Robert J. Eckhardt and his wife, Ruby Eckhardt, Joe Jirasek and his wife, Terezie Jirasek, E. Hartleib, O. J. Blum, J. W. Connell, A. Kruse, First National Bank of Goliad, and T. E. Burns were defendants. In that suit appellee sought to recover a personal judgment against Robert J. Eckhardt in a sum exceeding $250,000, as evidenced by a number of promissory notes, a portion of which were executed by Eckhardt and wife and the others by persons not parties to the suit, and to foreclose liens on 1,579.30 acres of land in Goliad county and certain lands in Williamson county and Anderson county which were evidenced by deeds of trust executed by Eckhardt and wife to secure the notes; the foreclosure of the liens being as to all of the defendants in the cause. The pleadings of appellee are very voluminous, covering 50 pages of the transcript, and they declare on a long list of promissory notes executed by about 40 different persons, payment of all of which indebtedness was assumed by Robert J. Eckhardt, and he and his wife executed the several deeds of trust mentioned to secure payment of the same.

The aforementioned suit was instituted on December 22, 1920, and on February 16, 1921, appellant, George C. O'Brien, administrator of the estate of Mrs. Mary E. Henderson, deceased, filed his first amended plea in intervention, alleging, in substance, that there was at the time pending in the same court suit No. 8940, styled First State Bank & Trust Co. of Taylor v. Geo. C. O'Brien, Administrator, wherein the bank was seeking to recover of the defendant administrator on six certain promissory notes alleged to have been executed by Mrs. Mary E. Henderson to the bank, said notes together aggregating the sum of $24,064.65. The pendency of the suit, in which intervention was sought, was set out, and the purposes for which it was instituted, and that among the notes which it was alleged that Eckhardt had assumed were those upon which, in suit

8940, the intervener was denying liability; that in the deeds of trust given by Eckhardt it was provided that the bank should have the power of sale of the property and to apply the proceeds pro rata to the different debts. It was further alleged that the bank was refusing to allow the proceeds of such sales proportionately to the debt of Mrs. Henderson, and that appellee had dismissed as to some of the defendants, and will thereby reduce the pro rata share that should go to the intervener. He prayed for the right to intervene only in case judgment was recovered against him in suit No. 8940.

[1-3] Intervention in a suit pending between other parties, as now permitted, was unknown to the courts of England, whether of law or equity, although allowed in the ecclesiastical courts. It is the progeny of the civil law, and has come into Texas from that source, and become a part of our judicial system. It is the rule in equity that all persons materially interested in the subject-matter of a suit should be made parties in order that complete justice may be done and a multiplicity of suits prevented, and that rule is highly favored in the courts of Texas. In furthering this rule the right of intervention under certain proper conditions has been recognized and approved. While this is done in furtherance of the speedy disposition of actions in the courts and in the prevention of a multiplicity of suits, still it is recognized that the practice of intervention has its drawbacks and disadvantages against which parties to pending litigation must be protected. The endeavor to prevent a multiplicity of suits and expedite the dispatch of the labor of the courts should never cause a disregard or ignoring of the fact that the practice can be made oppressive by multiplying issues by the imposition of additional burdens upon courts and litigants, by delaying trials and producing trouble and confusion. Adequate rules governing the admission of interveners into pending causes of action must be strictly enforced and litigants duly protected, and with those ends in view it has been established by courts in states where intervention is permitted that no intervention will be permitted unless the intervener as sole plaintiff would be entitled to at least a portion of the relief sought, or, if the intervener had been a defendant, he would have been able to defeat a recovery in part at least. Whitman v. Willis, 51 Tex 421; Pool v. Sanford, 52 Tex. 621; Del Rio Loan Association v. King, 71 Tex. 729, 12 S. W. 65; Wilkie v. Wilkie (Tex. Civ. App.) 220 S. W. 418.

[4] If this rule be applied to the pleadings of appellant, it would not justify his entrance into a suit instituted by appellee against defendants impleaded by it. He could not, under his allegations, have recovered against the defendants, for he had no cause of action against either of them. He showed that he had been sued in case No. 8940, and was vigorously denying that his estate was indebted to appellee in any sum, and, if that contention were true, his interest in this suit rested upon the contingency that appellee should establish the liability of the estate. He is by his plea in intervention placed in the position of an admission of liability which he was contesting in the direct suit against him for the indebtedness. In the suit into which he desires to force an entrance no adjudication against him is sought or against his property, but the suit is to obtain judgment against Robert J. Eckhardt on the notes given by him and to foreclose liens given by Eckhardt and wife on certain lands to secure payment of the notes. It is true that one or more of the notes were given for debts incurred by Mrs. Mary E. Henderson, whose estate appellant was administering, and appellant might be interested in the distribution of the funds arising from a sale of the lands if the liability of the estate should be established, but that has not been done, and its establishment is being contested by appellant. But, even if the debt had been established by a judgment, appellant's pleadings fail to set up a case entitling him to enter the lawsuit pending between appellee and its debtors. He has no such direct interest in the subject-matter as would justify his intervention. He does not seek and would not be entitled to a judgment against Eckhardt and wife, for they are not shown to be liable to him; and he could not obtain a judgment against appellee in the absence of an admission of indebtedness to it, and allegations indicating that appellee was not exercising proper diligence in obtaining a judgment of foreclosure against the Eckhardts or that the securities were being so used as to defeat any security appellant might obtain therefrom. On the other hand, he admits the pendency of a suit between him and appellee in which all issues between them can be fully adjudicated and appellant duly protected. It does not appear from the pleading that the intervention would expedite the foreclosure proceedings or gain any greater benefits for appellant. His pleadings indicate the attitude more of an intruder into a suit between others than a lawful intervener. Appellee alone has the right to a recovery on its evidences of debt, and appellant has no right to mix in its affairs and perchance hinder or delay it in its legal efforts to obtain its rights through the courts of the country.

This is a case in which the debts of numerous parties, assumed by Eckhardt, are involved, and yet appellant desires to intervene, not to recover against any of the parties plaintiff or defendant, but for the purpose of overseeing appellee and compelling it to prorate certain moneys possibly to be realized from certain properties to appellant. In other words, he would intrude himself in-

to a case in which he might under certain circumstances, which might never materialize, become interested and probably delay the trial, complicate its issues, and introduce a multifariousness of parties and actions which should never be encouraged. All of his rights can be fully protected through the case against which he is contesting. Ragland v. Wisrock, 61 Tex. 391. No judgment can be rendered in this case that would militate against any right held by appellant, nor can the protection of any contingent rights of appellant permit him to enter as an interloper into a suit between parties in which he has no present interest nor prospective interest if, as he claims, he is not indebted to appellee in any sum. He prays for relief by his intervention only in the alternative that a judgment is recovered against him in the other case. He has no right in this case that is being jeopardized and no right to be conserved.

There can be no possible doubt that the intervention would impede the progress of this suit and postpone action therein for an uncertain time, for by his prayer he states:

"Wherefore this intervener now comes, and, in the event alone that judgment shall be had against him as such administrator in cause No. 8940 for any amount on the Mrs. Mary E. Henderson notes therein sued upon, then he prays that he may be allowed to intervene herein and recover his pro rata share in any amount that may be realized upon a foreclosure of this deed of trust and a sale of any of the properties thereunder."

It would be an act of oppression and injustice to prevent appellee from realizing on an indebtedness of about a quarter of a million dollars, in order to await the termination of another suit that might consume months or even years, for the purpose of securing a right to appellant which he can obtain in the very suit upon the termination of which he desires to rest the judgment in this suit.

The judgment is affirmed.