Carmen DeCATO, Appellant,

v.

KREBS CONSTRUCTION, INC., et al., Appellees.

No. 4555.

Court of Civil Appeals of Texas.

Waco.

Dec. 22, 1966.

Rehearing Denied Jan. 12, 1967.

■■■■■■■■■■■■■■■

———◆———

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellant.

Barrow, Bland & Rehmet, R. F. Wheless, Jr., Sam L. Sterrett, Jr., Carl Rector, Houston, for appellees.

TIREY, Justice.

Carmen DeCato has appealed from the order dismissing his application to file a plea of intervention in a suit filed on the 16th day of June, 1964 by Krebs Construction, Inc., and C. P. K. Development Company against International Realty & Leasing Corporation, and J. A. B. S. Equities, Inc., to recover $45,000.00 held in escrow by American Title Guaranty Company. The escrow funds were designated earnest money deposits provided for under three separate contracts, copies of which were attached to plaintiffs' original petition. The defendants, International Realty and J. A. B. S. Equities, Inc., were the only parties to file answers. Each answer consisted of a general denial. No answer was filed by American Title Guaranty Company, it being agreed that such company would pay the funds in escrow in accordance with the Court's judgment. De-Cato's original plea for intervention was filed on the 19th day of February, 1965. In this plea his grounds for recovery were: "Intervenor would show to the Court that the various amounts of money involved in this suit sought by the plaintiffs and held by American Title & Guaranty Company are in truth and fact funds of this intervenor, and for which intervenor should have judgment against all of the defendants in intervention." On the 17th day of January, 1966 the court sustained plaintiffs' exceptions to DeCato's plea of intervention, and the order provided: "Carmen DeCato, is hereby given thirty (30) days from January 17, 1966 to amend his peti-

tion in intervention, in default of which such petition will be stricken by the court." Intervenor's second amended petition was filed on the 14th day of March, 1966. On the 14th day of March, 1966 the court entered an order wherein it decreed that the plea of intervention should be stricken and dismissed DeCato as a party to the cause, to which intervenor excepted and objected. This order was entered on the 22nd day of March, 1966. Thereafter on the 28th day of March, 1966 the cause proceeded to trial and in the judgment we find this recital: "that the facts and the law are with the plaintiffs, and that the plaintiffs should have judgment against the respective defendants as prayed for, on the agreements sued upon and attached to the petition of plaintiffs." And the court decreed that the Krebs Construction, Inc., have judgment against International Realty & Leasing Corporation in the sum of $14,000.00, and against American Title Guaranty Company for a certain note placed in escrow for $14,000.00, and American Title Guaranty Company was directed to endorse and deliver such note to Krebs Construction, Inc. The judgment further provided that Krebs Construction, Inc., have judgment against J. A. B. S. Equities, Inc., for the sum of $15,000.00, and against American Title Guaranty Company for $15,000.00 deposited in escrow with such company; and further decreed that the plaintiff, C. P. K. Development Company have judgment against International Realty and Leasing Corporation in the sum of $16,000.00, and against American Title Guaranty Company for the sum of $16,000.00 deposited in escrow with such company and adjudged all costs against defendants jointly and severally. There was no appeal from this judgment and it became final.

The order of dismissal is assailed on three grounds. They are substantially to the effect:

(1) The court erred in dismissing appellant's pleas;

(2) The court abused its discretion in so doing;

(3) The court erred in denying DeCato the right to introduce evidence and cross-examine witnesses and participate in the case.

We affirm.

■ After a careful review of this record we are of the view that it shows that appellant-intervenor, Carmen DeCato, did not allege a cause of action showing that he was entitled to make a recovery in this cause or defend same in his own right and he was not a proper party to this suit. DeCato was not a party to the contracts sued upon and did not plead any facts setting forth any legal right on which he could base a claim in his own name or in his behalf. Plaintiffs' suit was against corporations and DeCato's allegation that he was entitled to the funds is only a legal conclusion. Our view of DeCato's allegation is to the effect that the facts alleged by him (assuming without deciding that they were true) show that his status is that of one of several remote investors in these defendant corporations and that no privity of contract or right of action upon these contracts existed in his behalf or in his own name. The defendant corporations sued had made an appearance and had attorneys of record who filed answers in their behalf. We think the trial court did not abuse its discretion in dismissing the plea of intervention. See Watkins v. Citizens' National Bank, 53 Tex.Civ.App. 437, 115 S.W. 304 (n. w. h.), January 14, 1909; Stansell v. Fleming, 81 Tex. 294, 16 S.W. 1033 (June 1891); Burditt v. Glasscock, 25 Tex.Supp. 45 (1860). In the Burditt case we find this statement:

"There was no privity between him and the plaintiff. His right of action against the defendant, if he have one, is upon an independent contract between himself and the defendant, distinct from that between the plaintiff and defendant on which the suit was brought. That cannot give him a right to intervene between the parties to this suit."

It is well settled that the court on sustaining exceptions has a right to refuse further leave to amend and can dismiss. This rule was announced by our Supreme Court in City of Fort Worth v. Gilliland, 140 Tex. 616, 169 S.W.2d 149 (March 31, 1943), Comm. of Appeals, opinion adopted. See also Texas Rules of Civil Procedure, Rules 63 and 166.

Each of appellant's points have been considered, and each is overruled.

The judgment is modified to provide that the dismissal is without prejudice to appellant's right to file such suits as he deems necessary for his protection, and as modified, is affirmed.

All costs of appeal are taxed against appellant.