Guy SPARKMAN, Appellant,

v.

PEOPLES NATIONAL BANK OF TYLER, Appellee.

No. 5710.

Court of Civil Appeals of Texas, Waco.

June 30, 1977.

Rehearing Denied July 28, 1977.

Guy Sparkman, pro se.

Charles F. Potter, Potter, Guinn, Minton & Dickerson, Tyler, for appellee.

## OPINION

JAMES, Justice.

This is a suit for an equitable bill of review. Appellant Guy Sparkman brought this action to set aside and retry cause Number 72–160 in the 114th District Court of Smith County, wherein a summary judgment had been granted that Sparkman take nothing against Peoples National Bank of Tyler and others. This summary judgment was affirmed by the Court of Civil Appeals, and writ of error was refused, "no reversible error" by the Supreme Court of Texas. See *Sparkman v. Peoples National Bank of Tyler* (Tyler Tex.Civ.App.1973), 501 S.W.2d 739, NRE.

In the case at bar, this appeal is from an order of the trial court sustaining Defendant-Appellee's special exceptions to Plaintiff-Appellant's First Amended Original Petition and dismissing the case. The record contains no statement of facts.

Plaintiff-Appellant asserts the trial court erred (1) in not recusing himself from the case after Plaintiff had filed a motion that he do so, (2) in sustaining Defendant's special exceptions, and (3) in dismissing the case and not allowing Plaintiff to amend, which last-named action assertedly constituted an abuse of discretion. We overrule all of Plaintiff-Appellant's points of error and affirm.

The Plaintiff's Original Petition for Bill of Review was filed on May 28, 1976, against which the Defendant levelled a number of special exceptions, to the effect that Plaintiff's pleadings constituted conclusions as opposed to facts. After hearing, the trial court sustained all of the Defendant's special exceptions and granted Plaintiff leave to amend. Thereafter, on July 13, 1976, Plaintiff filed his First Amended Original Petition, against which the Defendant levelled special exceptions, again to the effect that Plaintiff's pleadings constituted conclusions as opposed to facts. The trial court held a hearing on this last group of special exceptions on September 9, 1976, and on said last-named date Plaintiff Sparkman filed a motion requesting the trial judge to recuse himself from the case. Then on October 6, 1976, the trial court entered an order wherein it sustained all of Defendant's special exceptions and dismissed Plaintiff's suit, which order contains the following recitals:

"Considering that defendant duly presented exceptions to Plaintiff's Original Petition for Bill of Review which were sustained, and that said exceptions covered substantially the same subject matter, that plaintiff was given leave to amend and he did file his amendment, and that the exceptions to the original petition are similar to the exceptions to the First Amended Petition; and considering the announcements made in court by plaintiff pro se, the court finds that the case should be dismissed rather than allow leave for further amendment."

We revert to Appellant's first point. Under this record, we cannot say the trial court erred in not recusing himself from the case in response to Plaintiff's Motion. It is presumed that the trial judge is qualified until evidence is offered to the contrary. *Quarles v. Smith* (Houston 1st Tex.Civ.App.1964), 379 S.W.2d 91, 92, NRE; 33 Tex.Jur.2d "Judges," par. 61, pp. 435, 436. Without a statement of facts, there is nothing before this Court upon which to

base an opinion as to the asserted disqualification of the judge. See *Blakeney v. Johnson County* (San Antonio Tex.Civ.App. 1923), 253 S.W. 333, 335, error dismissed. This being true, the presumption of qualification of the judge prevails. Appellant's first point is therefore overruled.

Moreover, the trial court did not err in sustaining Defendant's second group of special exceptions and dismissing Plaintiff's case. As hereinbefore stated, Plaintiff filed his Original Petition, to which Defendant's special exceptions were sustained, and Plaintiff was given leave to amend. Then Plaintiff filed his First Amended Original Petition, against which Defendant again filed special exceptions. Plaintiff's second attempt to plead his case was subject to the same deficiency as his first attempt; namely, that it consisted of conclusions as opposed to facts. In the order sustaining this second group of special exceptions and dismissing the case, the trial court recited: "considering the announcements made in court by plaintiff pro se, the court finds that the case should be dismissed rather than allow leave for further amendment." Again, without a statement of facts, we have no way of knowing what announcements the Plaintiff made in court. In this state of the record, we can only conclude that the trial court was justified in doing what he did.

It has been held that where no reasonable probability appears that further amendment would disclose facts legally sufficient to sustain Plaintiff's cause of action, the trial court on sustaining special exceptions has a right to refuse further leave to amend and can dismiss. *City of Fort Worth v. Gilliland* (Tex.Com.App.1943), 140 Tex. 616, 169 S.W.2d 149, opinion adopted; *De Cato v. Krebs Construction, Inc.* (Waco Tex.Civ. App.1966), 410 S.W.2d 806, NRE. In our opinion, the rule announced in *Gilliland* and *De Cato* applies to the case at bar.

All of Appellant's points and contentions have been carefully considered, and are respectfully overruled. Judgment of the trial court is accordingly affirmed.

AFFIRMED.