Jack PRESCOTT et al., Appellants,

v.

**LONE STAR LIFE INSURANCE COMPANY, Appellee.**

**No. 5994.**

Court of Civil Appeals of Texas, Waco.

Sept. 6, 1979.

Rehearing Denied Sept. 27, 1979.

Jack M. Anthony, Jr., Reese, Anthony & Tomlinson, Garland, Alvin Boyd, Dallas, for appellants.

David K. Meyercord, Strasburger & Price, Dallas, for appellee.

HALL, Justice.

Plaintiff Lone Star Life Insurance Company brought this suit against defendants Jack Prescott and Charlotte Prescott to recover an alleged deficiency balance due on a promissory note after the realty securing payment of the note had been sold at foreclosure under a deed of trust. Plaintiff pleaded that it was the owner and holder of the note. Defendants answered with a general denial. Kathleen White filed a petition in intervention. Lone Star filed its motion for summary judgment against defendants, and its motion to dismiss the intervention. After notice and hearing on the motions, the trial court, in separate orders, dismissed the intervention without prejudice and rendered summary judgment for plaintiff against defendants on the note. Intervenor and defendants appeal. We affirm the order dismissing the intervention, but we reverse the judgment against defendants.

It is stated in plaintiff's petition that copies of the note sued upon and the deed of trust securing the note are attached to the petition and marked "Exhibit 'A'" and "Exhibit 'B,'" respectively, and made a part of the petition by incorporation. However, the note and the deed of trust are not in fact attached to the petition.

The only proof in the summary judgment record that plaintiff is now the owner and holder of the note is set forth in the affidavit of Bernard V. Carrico, Jr., plaintiff's Investment Committee Chairman, as follows:

"My name is Bernard V. Carrico, Jr., and I am fully competent to testify herein. I am the Investment Committee Chairman of Lone Star Life Insurance Company, Plaintiff in the above numbered and entitled cause. I am fully authorized to execute this affidavit on behalf of Lone Star Life Insurance Company. Based on my own personal knowledge and information collected and made available to me from the records of Lone Star Life Insurance Company, I am fully aware and cognizant of all the facts set forth herein and do hereby swear that all of said facts and statements herein contained are true and correct.

"Lone Star Life Insurance Company is the legal owner and holder of the promissory note executed by Jack Prescott and Charlotte Prescott, for valuable consideration, attached as Exhibit 'A' to Plaintiff's Original Petition herein. Exhibit 'A' is a true, accurate and complete copy of the original thereof."

Carrico then continued in the affidavit to identify the deed of trust, which he stated was "attached as Exhibit 'B' to Plaintiff's Original Petition."

Neither the original nor a copy of the note or trust deed was attached to the affidavit or to the motion for summary judgment.

■ Defendants objected to Carrico's affidavit on the ground that the statements therein based upon Carrico's "personal knowledge and information collected and made available" to him from plaintiff's records were hearsay, and pointed to the fact that the actual records or proper copies thereof were not produced with the affidavit. Defendants have brought this hearsay objection forward as their first point of error for reversal of the summary judgment. We sustain that point.

Answering request for admissions, defendants acknowledged that they executed the note and the deed of trust, but there is no admission by them in the record that plaintiff is the present owner or holder of the note. Plaintiff's allegation that it holds the note was placed in issue by defendants' general denial, and it was an essential element of plaintiff's cause of action. *Alexander v. Houston Oil Field Material Company*, 386 S.W.2d 540, 542 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.). Over defendant's hearsay objection, plaintiff failed to make that proof either by producing the original note or by using an authenticated copy under the provisions of Rule 166–A(e), Vernon's Tex.Rules Civ.Proc. The summary judgment was therefore improper. *Texas National Corporation v. United Systems International*, (Tex.1973) 493 S.W.2d 738, 741.

■ In her petition in intervention, White sought to have the foreclosure sale under the trust deed set aside on allegations that she owned an interest in the land, that she was not given notice of the sale, and that the sale price was grossly inadequate. She also pleaded an action for damages against defendant Jack Prescott allegedly caused by his "lack of due care" in defaulting on the note.

Rule 60, Vernon's Tex.Rules Civ.Proc., provides in part that, "Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party." The court has wide discretion in deciding a motion to dismiss an intervention in order to protect the original parties from the disadvantages of intervention. *Roberson v. Roberson*, 420 S.W.2d 495, 499 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Armstrong v. Tidelands Life Ins. Co.*, 466 S.W.2d 407, 412 (Tex.Civ.App.—Corpus Christi 1971, no writ). If the intervenor has no interest that can be affected by the proceeding or if his interest in the subject matter of the litigation is contingent or remote, he is not entitled to intervene. *Rogers v. Searle*, 533 S.W.2d 440, 442 (Tex.Civ.App.—Corpus Christi 1976, no writ); 44 Tex.Jur.2d 196, Parties, § 44.

In our case plaintiff Lone Star seeks to recover only on the promissory note executed by defendants Prescotts. Intervenor White was not a party to that note in any capacity, and no interest in it is asserted by her. In her petition in intervention she does not allege any interest or standing which would entitle her to recover in her own right on the note as a plaintiff or which would permit a recovery on the note against her as a defendant. The only interest alleged in her behalf was an interest in the trust deed property which had secured payment of the note. The disposition of title to the property is not an issue between plaintiff and defendants, and the judgment on their pleadings would not affect intervenor's alleged interest in the property in any respect.

We hold the court did not abuse its discretion in dismissing the intervention. See *DeCato v. Krebs Construction, Inc.*, 410 S.W.2d 806, 808 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.).

The summary judgment in favor of Lone Star against the Prescotts on the note is reversed, and that cause is remanded for trial. The order dismissing White's plea of intervention without prejudice is affirmed.

The costs of this appeal are taxed one-half against Lone Star and one-half against White.