## BEALL v. HELM et al.
### No. 12675.

Court of Civil Appeals of Texas. Fort Worth.
April 30, 1932.

Rehearing Denied May 28, 1932.

A. B. Cates and T. B. Reese, both of Dallas, for appellant.

C. T. Gettys, of Decatur, for appellees.

CONNER, C. J.

This suit was instituted in the county court of Wise county on March 7, 1931, by a partnership composed of W. A. and H. M. Helm, against Mrs. Hattie Beall, a feme sole, to recover upon two promissory notes, each in the sum of $250 and payable, respectively, on August 1, 1930, and January 1, 1931.

The defendant, Mrs. Hattie Beall, answered by a general demurrer and a general denial filed April 4, 1931, but made no further appearance in the case.

Appellant, Charles T. Beall, intervened and caused to be filed on the 25th day of April, 1931, a pleading in which it is alleged, in substance, that he is interested in the matter in controversy between the plaintiffs and Mrs. Hattie Beall, in that Mrs. Hattie Beall, his mother, on the 23d day of September, 1930, entered into a contract in writing, by the terms of which she leased to the intervener a farm of 400 acres of land in Wise county, "together with the appurtenances thereto or used in connection therewith," that as a part of the consideration for said rental contract the intervener agreed to pay "all accumulated indebtedness then due and owing by defendant (Mrs. Hattie Beall) in the way

of accounts and obligations then amounting to approximately $1,000," and that the debts sued on by appellants were then outstanding, and that, if defendant was cast in the suit, he (the intervener) would "become liable to defendant for the payment of such .debt, and also for the interest, attorneys' fees and costs for which plaintiffs seek the judgment of the court."

The intervener further pleaded that his mother was infirm in mind and body, inexperienced in business matters, and under the domination and control of a daughter and her husband, who, by intimidation and coercion, had caused her to make no defense to the suit of plaintiffs. According to further allegations in the petition, the farm tractor for which the notes sued upon were given had been warranted to be in good condition and capable of doing the work and performing the services for which it was intended, and for which it was purchased, and well worth the price given therefor, whereas it was in fact worth much less and practically worn out and broken down, and after plowing some 130 acres of the land was utterly worthless, thus making it necessary for intervener to purchase a new tractor, to his damage, $380, for which he prayed a recovery.

Four days later, to wit, on April 29th, the plaintiffs moved to have the plea of intervention stricken from the record, on the ground that the plea failed to show any such interest in the intervener as entitled him to become a necessary or proper party. The court sustained the motion, and found that "said plea be stricken from the records." Judgment was accordingly rendered for the plaintiffs, to which the intervener excepted, gave notice of appeal, etc.

■ Appellant assigns error to the action of the court in sustaining appellees' motion to strike out the plea of intervention. The proceedings relating to the question are not presented by a bill of exception, and upon this ground appellees insist that the assignment must be overruled, citing the following authority, to wit: 4 Corpus Juris, pp. 108–114, §§ 1225, 1712, and 1726. In said section 1225, it is said: "When a pleading or a paragraph thereof is struck out on motion, it is as though such pleading had never been tendered, and it will not be considered a part of the record unless made so by bill of exceptions or order of the court, * * * nor is the mere act of the clerk or counsel copying it into the record, or the fact that it is contained in the transcript of the justice before whom the suit was commenced, sufficient to make it part of the record on appeal."

In section 1726 it is said: "As a general rule, neither the motion to strike out a pleading, or a paragraph thereof, the notice of motion, the affidavit accompanying it, the pleading to which the motion is addressed, nor the ruling on the motion, is a part of the record proper, and will not be considered on appeal unless preserved by bill of exception."

While the authority quoted seems to support appellees' insistence, yet we have concluded, in the exercise of our discretion, to briefly consider the assignment in view of the fact that the proceedings in question are fully set forth and appear in the duly certified transcript of the court below, to correct which no effort has been made.

The question then is, Was appellant either a necessary or proper party in the suit of appellees against Mrs. Hattie Beall? We have concluded that the ruling of the trial court that he was not must be sustained.

■■ Generally speaking, it is well established that all persons interested in the object and purpose of a suit or that may be affected by the decree or judgment sought to be obtained ought, if known, to be made parties to the suit. While there are variations and exceptions to the general rule, we think it may be safely said that, to entitle a party to intervene and inject himself and his own personal interest for adjudication in a controversy between other distinct parties who are litigating, he must show himself to have an interest in the subject-matter of the litigation between such other parties greater than a mere contingent or remote interest, or that a judgment in the suit of the other parties will in some way affect or injure him. As already indicated, it is appellant's contention, in substance, that, inasmuch as under the terms of his contract with his mother he is bound to pay whatever judgment the plaintiffs in the suit may recover against her, he is interested in having such judgment reduced to the actual value of the tractor at the time of its purchase, and hence that he is at least a proper party to plaintiffs' suit.

■ At first view the contention may seem plausible, but on mature consideration its fallacy will appear. It is perfectly apparent that appellant was not a party to the contract between the plaintiffs and intervener's mother; nor has he any proprietary interest whatever in the tractor involved. His right to the tractor was by the terms of the contract with his mother to its use only. In contracting for its use, that which he lost by its failure to perform its functions was its rental value and not the difference in value between the tractor as warranted and as developed. Under the terms of the contract with his mother, it would be implied that the tractor to be furnished for his use in the prosecution of his rental rights was one reasonably fitted and capable of doing the work intended. If there was a failure in the tractor to so perform, his right of action it appears would be against his mother and not some other person for the rental value of the tractor during the period it failed, or what he would have been necessarily called upon to expend in order to secure the use of a trac-

tor during the period of his rental contract that would perform the services contemplated. Such right or interest has no necessary or proper relation to the controversy between the plaintiffs in the suit and Mrs. Hattie Beall. If for any reason deemed sufficient by her, she declined to defend the suit of plaintiffs on the ground set up in the plea of intervention, it was her right and privilege to so do. It is to be further noticed that under the contract with his mother he was obligated merely to pay her debts and obligations to the extent of $1,000 only; the total amount or character of her debts not being stated. It is not alleged that the contract required the payment of this specific debt, and therefore not in line with that class of cases which estops a purchaser from making a defense the vendor refused to make.

Appellant cites no decision that supports the contention under consideration, and we have been unable to find any. We think it sufficient to cite the following from Burditt v. Glasscock, 25 Tex. Supp. 45, where it is said: "Where there is no privity of contract between the plaintiff and an intervener in the suit, and the matter of complaint or cause of action sought to be enforced by the latter against the defendant is a contract between such intervener and the defendant, distinct from that which is the subject of litigation between the plaintiff and defendant, the petition of the intervener cannot be maintained, and exceptions thereto by the plaintiff on those grounds will be sustained."

See, also, Municipal Gas Co. v. Lone Star Gas Co. (Tex. Civ. App.) 259 S. W. 684, 691, where it is said: "Before a party can intervene in a pending suit, either in law or equity, he must not only show that he is interested in the subject-matter of the suit, but must also show that this interest is of such a nature, and that he occupies such relation to the subject-matter of the suit, as would warrant the court in entering a decree in his behalf. Pool v. Sanford, 52 Tex. 621; Graves v. Hall, 27 Tex. 148; Smalley v. Taylor, 33 Tex. 668; Fleming v. Seeligson, 57 Tex. 524; Building Ass'n v. King, 71 Tex. 729, 12 S. W. 65."

We conclude that the trial court's findings of fact and conclusions of law should be adopted, and the judgment affirmed.