Peggy Ledesma ROGERS, Appellant,

v.

Thomas E. SEARLE et ux., Appellees.

No. 1053.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 30, 1976.

Roy T. Ahrens, Houston, for appellant.

James G. Lempert, Houston, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal by Peggy Ledesma Rogers from an order of the trial court that dismissed her petition in intervention which she had filed in a pending adoption proceeding. We affirm.

Thomas E. Searle and Lillian Ruth Searle, hereinafter referred to as "the Searles", filed a petition in Juvenile Court Number Three of Harris County, Texas, to adopt the minor child, Scott Anthony Rogers. The petition was filed on January 6, 1975, and was docketed as Cause No. 1,009,-113. The Searles, among other allegations, alleged that the parent-child relationship between the mother and the child had been theretofore terminated in Cause No. 33,878, in that Court. On March 17, 1975, Peggy Ledesma Rogers, the natural mother of the child, filed a petition in intervention in the adoption proceeding. She alleged in Paragraph II thereof:

> "That heretofore in Cause Number 1,010,-366, entitled *Peggy Ledesma Rogers vs. Thomas E. Searle and Lillian E. Searle*, in Juvenile Court Number Three of Harris County, Texas, your intervenor filed an equitable Bill of Review which sought to overturn a judgment in Cause Number 33,878 in said Court wherein Intervenor's parental rights to the child in question were terminated and the Petitioners for Adoption were appointed managing conservators. That a final judgment has not been entered in said cause and that therefore there has been no final termination of parental rights of the natural mother of said child which would be required before an adoption lies."

The Searles then filed a motion to strike the petition in intervention. Paragraphs I and II of the motion read, as follows:

"I.

The parental rights of PEGGY LEDESMA ROGERS, hereinafter called Intervenor, to SCOTT ANTHONY ROGERS, were terminated under Cause No. 33878

on or about November 12, 1974, and signed on or about December 9, 1974.

## II.

Intervenor's Equitable Bill of Review in an attempt to overturn the decree of termination was heard on or about March 6, 1975, in Cause No. 1,010,366. A verdict was rendered, dismissing the Intervenor's Equitable Bill of Review, in favor of Defendants Thomas E. Searle and Lilliam R. Searle."

The petition in intervention was stricken by the court, and a decree which permitted the Searles to adopt Scott Anthony Rogers, hereinafter referred to as "the child", was signed by the trial judge on March 19, 1975.

Peggy Ledesma Rogers, hereinafter referred to as "appellant", contends: 1) the trial court abused its discretion in dismissing her petition in intervention because she was a proper party to the suit, had a legal or equitable interest in its outcome, and her intervention would not have caused an unreasonable delay in the trial or undue hardship to the parties; and 2) the trial court erred in granting the adoption of her child since her parental rights had not been finally terminated.

Rule 60, T.R.C.P. (1967), provides, in part: "Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party . . . ."

The party who seeks to intervene in litigation that is pending in a trial court must show a legal or equitable interest such that he would be entitled to recover in his own name to the extent of relief sought; or, if he were the original defendant, he would be able to defeat recovery, in part or in whole. *King v. Olds*, 71 Tex. 729, 12 S.W. 65 (1888); *Wilson v. County of Calhoun*, 489 S.W.2d 393 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); 44 Tex.Jur.2d, Parties, § 44. The sufficiency of the petition in intervention is tested by its allegations of fact on which the right to intervene depends, and the petition will fail if no justiciable interest, legal or equitable, is alleged therein. *Mulcahy v. Houston Steel Drum Company*, 402 S.W.2d 817 (Tex. Civ.App.—Austin 1966, no writ); *Watkins v. Citizens' Nat. Bank of Rockwall*, 53 Tex. Civ.App. 437, 115 S.W. 304 (1908, no writ); 44 Tex.Jur.2d, Parties, § 60, § 61 (1963).

To entitle a person to intervene in a pending suit, it is incumbent upon the petitioner to show an interest in the subject matter of the litigation ". . . greater than a mere contingent or remote interest . . . ." *Beall v. Helm*, 50 S.W.2d 460 (Tex.Civ.App.—Fort Worth 1932, writ dism'd). The right to intervene is subject to wide discretion by the trial court in judging the sufficiency of an opposing party's motion to dismiss the petition of the intervenor. *Armstrong v. Tidelands Life Insurance Company*, 466 S.W.2d 407 (Tex.Civ. App.—Corpus Christi 1971, no writ); *Roberson v. Roberson*, 420 S.W.2d 495 (Tex.Civ. App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Jones v. English*, 235 S.W.2d 238 (Tex.Civ.App.—San Antonio 1950, writ dism'd). In testing the sufficiency of the facts alleged by the petitioner in the petition for intervention, the facts so alleged should be construed along with the allegations of fact set out in the pleadings of the person who resists the petition in intervention. *Schnick v. Morris*, 24 S.W.2d 491 (Tex.Civ.App.—Beaumont 1929, writ ref'd).

No statement of facts is before us in this appeal, our Cause 1053. In that condition of the record, ordinarily we would be required to presume that there was sufficient evidence to support the judgment of the trial court. That would require an affirmance of the judgment. However, at all times pertinent to this appeal there has also been pending in this Court an appeal in our Cause No. 1052, styled *"Peggy Ledesma Rogers v. Thomas E. Searle and Lillian Ruth Searle"*, from the Juvenile Court Number Three of Harris County, Texas. That case and this case are somewhat connected and related. The appellant has requested that we take judicial notice of the

record in said Cause No. 1052 in disposing of the instant appeal. We do so. *Buckner Orphans Home v. Berry*, 332 S.W.2d 771 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.); *Fey v. Woods*, 229 S.W.2d 923 (Tex.Civ. App.—Dallas 1950, writ ref'd); *Cook v. Wilmeth*, 166 S.W.2d 359 (Tex.Civ.App.—Eastland 1942, no writ).

All proceedings in the trial of the two cases which have been appealed were in Juvenile Court Number Three of Harris County, Texas. The parent-child relationship between appellant and the child was terminated by judgment of that court in its Cause No. 33,878, which was signed on December 7, 1974. In that proceeding, the appellant executed an affidavit of relinquishment of her parental rights and a waiver of citation in September, 1974. She filed a petition for a bill of review after the December 7, 1974 judgment became final wherein she claimed that her signature to the affidavit and waiver was procured by extrinsic fraud on the part of the Searles. That action was docketed as Cause No. 1,010,366. Trial was to a jury. On March 7, 1975, at the conclusion of appellant's evidence, and after the Searles had moved for a directed verdict, the judge announced from the bench: "The Court denies the Bill of Review". The judgment of dismissal was signed on April 3, 1975. That judgment was appealed, and the appeal is numbered 1052 in this Court. The judgment of the trial court has been affirmed by this Court in an opinion this day handed down.

The judgment which terminated the parent-child relationship between appellant and the child was signed before the Searles filed their petition for adoption and before appellant filed her petition in intervention in the adoption proceeding. The petition in intervention was filed after the trial court had announced from the bench that appellant's petition for a bill of review was denied. Appellant did not offer any evidence in the trial court in support of the allegations made in her petition in intervention. The statements made by the Searles in their motion to strike the petition in intervention were not challenged or refuted by appellant in the trial court.

Tex.Fam.Code Ann. § 15.07 (1975), provides, in part:

"A decree terminating the parent-child relationship divests the parent and the child of all legal rights, privileges, duties, and powers, with respect to each other . . . . ."

Applying the rule of the statute to this case, all legal rights, privileges, duties and powers of appellant concerning the child were divested out of her on December 9, 1974, when the judgment in Cause No. 33,-878 was signed.

■ As a general rule, an intervenor is bound by the record as it exists at the time the petition in intervention is filed. *Lynn County School Board v. Garlynn Common County Line School Dist.*, 118 S.W.2d 1070 (Tex.Civ.App.—Amarillo 1938, writ ref'd). In the case at bar, appellant did not have any parental rights to the child on March 17, 1975, when she filed her petition in intervention in the adoption proceedings. The plea in intervention could not be considered in the adoption proceedings until the judgment which terminated appellant's parental rights was set aside. *McLennan County v. American National Insurance Company*, 457 S.W.2d 597 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). The mere filing of a petition for a bill of review does not affect the rights, liabilities and status that were established by the December 9, 1974 judgment. The possibility that a judgment previously entered may be set aside, and a new judgment, based on the evidence heard on the bill of review, might be entered, does not destroy the finality of the prior judgment.

■ In the case at bar, appellant's petition must fail since she has not alleged a present justiciable interest, legal or equitable, in the subject matter of the litigation. The adoption proceeding should not be held in abeyance until the outcome of appellant's bill of review is finally determined.

Appellant, not having a present legal or equitable interest in the adoption proceedings, is not a proper party thereto. She has no interest to protect. The trial court correctly granted the motion to strike the petition in intervention. No abuse of discretion is shown. All of appellant's points of error are overruled.

The judgment of the trial court is affirmed.