TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00715-CV







Citizens Against Corrupt Attorneys, Inc., Appellant




v.




D. (David) Lobingier, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-09694, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







 Appellant, Citizens Against Corrupt Attorneys ("Citizens"), as an assignee of Gay
Lobingier's undivided interest in certain property awarded to her in the couple's divorce, filed a
petition in intervention in a child-support dispute between Gay Lobingier and her ex-husband
David. David Lobingier filed a motion to strike pursuant to Texas Rule of Civil Procedure 60. 
Exercising its discretion, the trial court granted this motion and struck Citizens' plea in
intervention. Citizens raises two issues in its appeal. First, Citizens claims the trial court erred
in striking its petition in intervention. Second, Citizens asserts that Travis County is the
mandatory venue location for the suit. We will affirm the district court's judgment.


Background

 Gay and David Lobingier were divorced in Tarrant County in 1994. Gay Lobingier
was awarded custody of their child and, within two years of the divorce, moved with the child to
Travis County. Eventually, David Lobingier fell into arrears in his child-support. He filed a
motion to modify the child-support order in Tarrant County. Gay Lobingier answered by filing 
a motion to transfer the proceedings to Travis County and the first of several motions to enforce
the child-support order. Pursuant to Family Code section 155.201, the proceedings for the child-support dispute were transferred from Tarrant County to Travis County. Tex. Fam. Code Ann.
§ 155.201(b) (West 1996). (1)

 As part of the property settlement in Gay and David Lobingier's 1994 Agreement
Incident to Divorce ("Agreement"), Gay Lobingier was awarded an interest in a claim David
Lobingier had against the Cadle Company. Gay Lobingier was entitled to receive the first
$55,000 of any net recovery David Lobingier was awarded in his suit against the Cadle Company
("Cadle claim"). The Agreement was a contractual agreement which divided the Lobingier's
property. The Agreement contains a mandatory venue provision establishing venue in Tarrant
County. While the child-support issue was pending in Travis County, Gay Lobingier assigned
her interest in the Cadle claim to Citizens.

 Subsequently, Citizens filed a petition in intervention in the Lobingiers' child-support proceedings in an attempt to collect on its assigned interest in the Cadle claim. Citizens
claimed that, as an assignee of Gay Lobingier, it was entitled to recover from David Lobingier
actual and punitive damages arising from an alleged breach of fiduciary duty with regard to the
Cadle claim. Citizens claimed David Lobingier stood in the position of a trustee for the benefit
of Gay Lobingier as to her property interest in the Cadle claim. Citizens, acting in its role as
assignee, also requested an accounting of the recoveries and expenditures made by David
Lobingier with regard to the Cadle claim. As the final item in its petition for intervention,
Citizens requested a reimbursement of attorneys' fees.

 Before trial, Gay and David Lobingier settled their differences and agreed to an
order modifying the terms of the divorce decree regarding their child-support dispute. In response
to Citizens' petition in intervention, David Lobingier filed a motion to strike on grounds that
intervention was improper because: (1) Gay Lobingier had not pled any of the claims Citizens
had brought forth, nor had she pled any claims relating to the Agreement; (2) an intervener must
have some direct, legal interest in the litigation that exists; (3) an intervener's rights, reputation,
or other interests must be affected by the judgment; and (4) an injunction prohibited Citizens from
filing any other litigation against David Lobingier unless it was filed in Tarrant County. David
Lobingier also filed a motion to transfer venue to Tarrant County. The court granted David
Lobingier's motion and struck Citizens' petition in intervention. The trial court, having decided
that Citizens was not a proper party to the lawsuit, did not address the question of venue and
dismissed the case.

Discussion

 Parties may intervene in litigation subject to their petitions being stricken by the
court for sufficient cause. Tex. R. Civ. P. 60. (2) A person or entity may intervene if it could have
brought the same action or any part thereof on its own or, if the action would have been brought
against it, it would be able to defeat recovery or some part thereof. See Guaranty Fed. Sav. Bank
v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990); see also Inter-Continental Corp.
v. Moody, 411 S.W.2d 578, 589 (Tex. Civ. App.--Houston [1st Dist.] 1966, writ ref'd n.r.e.). 
The intervenor's interest may be legal or equitable. See Moody, 411 S.W.2d at 589.

 "The right to intervene is subject to wide discretion by the trial court in judging
the sufficiency of an opposing party's motion to dismiss the petition of the intervener." Rogers,
533 S.W.2d at 442. A trial court abuses its discretion only when it acts in an unreasonable and
arbitrary manner, or when it acts without reference to any guiding principles. See Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); see also Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may not reverse for abuse of
discretion merely because we disagree with a decision of the trial court. See Buller, 806 S.W.2d
at 226; Downer, 701 S.W.2d at 242.

 The trial court is given broad discretion in determining whether the intervention
should be stricken, but it is an abuse of discretion to strike a plea in intervention if (1) the
intervenor meets the above criteria, (2) the intervention will not complicate the case by an
excessive multiplication of the issues, and (3) the intervention is almost essential to effectively
protect the intervenor's interest. See Guaranty Fed., 793 S.W.2d at 657. Additionally, the
petitioner must show an interest in the subject matter of the litigation "greater than a mere
contingent or remote interest" Rogers v. Searle, 533 S.W.2d 440, 442 (Tex. Civ. App.--Corpus
Christi 1976, no writ) (citing Beall v. Helm, 50 S.W.2d 460 (Tex. Civ. App.--Fort Worth 1932,
writ dism'd)).

 Here the subject matter of the Travis County litigation was the support of the
Lobingier's minor child. Gay Lobingier had initiated the suit claiming David Lobingier was in
arrears in his child-support. Citizens' plea in intervention asserted claims only relating to and
arising from its assigned contractual property interest in the Cadle claim. Citizens has no interest
in the issue of child-support. Rather, Citizens' interest lies with the property settlement of the
Lobingier's Agreement. As the suit in which Citizens attempted to intervene was and is a child-support suit, Citizens' plea in intervention was properly stricken. See Weissberger v.
Brown-Bellows-Smith, Inc., 289 S.W.2d 813, 818-19 (Tex. Civ. App.--Galveston 1956, writ ref'd
n.r.e.) (holding that a party with no interest in the subject matter of the suit is not entitled to
intervene).

 Nor does Citizens meet the Guaranty Federal criteria. See Guaranty Fed., 793
S.W.2d at 657. First, acting alone, Citizens could not have brought a child-support action, or any
part thereof, against David Lobingier. Second, Citizens' presence in the suit would complicate
the case with an excessive multiplication of the issues, requiring the trial court to move beyond
the child-support issue and not only revisit the property agreement, but also determine Citizens'
derived rights. Third, Citizens' intervention was not "essential" to effectively protect its interest. 
A motion to enforce child-support is entirely distinct from a property settlement agreement. 
Citizens is still free to file its own separate suit against David Lobingier. (3) Since the trial court
was well within its discretion in striking Citizens' petition in intervention, we overrule this issue. 
Consequently, because the trial court's decision to strike Citizens' plea in intervention and dismiss
the suit was not improper, we need not address the issue of venue.


Conclusion

 Having overruled Citizens' two issues, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: October 21, 1999

Do Not Publish

1. Section 155.201(b) of the Texas Family Code provides, "If a suit to modify or a motion
to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the
timely motion of a party the court shall transfer the proceeding to another county in this state if
the child has resided in the other county for six months or longer."
2. Texas Rule of Civil Procedure 60 provides that, "Any party may intervene by filing a
pleading, subject to be stricken out by the court for sufficient cause on the motion of any party
. . . ." 
3. Although Section 155.201(b) of the Texas Family Code grants exclusive jurisdiction in
child-support matters to district courts where the child is domiciled, jurisdiction over other
matters, including property settlement disputes, are presumably unaffected. See Tex. Fam. Code
Ann. § 155.201(b) (West 1996). Here the parties agreed to a specific venue clause in the 1994
Agreement Incident to Divorce, requiring that any action under the Agreement be brought in
Tarrant County.


tervention
should be stricken, but it is an abuse of discretion to strike a plea in intervention if (1) the
intervenor meets the above criteria, (2) the intervention will not complicate the case by an
excessive multiplication of the issues, and (3) the intervention is almost essential to effectively
protect the intervenor's interest. See Guaranty Fed., 793 S.W.2d at 657. Additionally, the
petitioner must show an interest in the subject matter of the litigation "greater than a mere
contingent or remote interest" Rogers v. Searle, 533 S.W.2d 440, 442 (Tex. Civ. App.--Corpus
Christi 1976, no writ) (citing Beall v. Helm, 50 S.W.2d 460 (Tex. Civ. App.--Fort Worth 1932,
writ dism'd)).

 Here the subject matter of the Travis County litigation was the support of the
Lobingier's minor child. Gay Lobingier had initiated the suit claiming David Lobingier was in
arrears in his child-support. Citizens' plea in intervention asserted claims only relating to and
arising from its assigned contractual property interest in the Cadle claim. Citizens has no interest
in the issue of child-support. Rather, Citizens' interest lies with the property settlement of the
Lobingier's Agreement. As the suit in which Citizens attempted to intervene was and is a child-support suit, Citizens' plea in intervention was properly stricken. See Weissberger v.
Brown-Bellows-Smith, Inc., 289 S.W.2d 813, 818-19 (Tex. Civ. App.--Galveston 1956, writ ref'd
n.r.e.) (holding that a party with no interest in the subject matter of the suit is not entitled to
intervene).