

NUMBER 13-09-00570-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SEVEN THOUSAND FOUR HUNDRED SEVENTY-
SEVEN DOLLARS ($7,477.00) IN U.S. CURRENCY,                    Appellant,

v.

THE STATE OF TEXAS,                                           Appellee.

## On appeal from the 148th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Yañez and Garza
## Memorandum Opinion by Justice Garza

In this forfeiture case, appellant Joe E. Castaneda appeals the trial court's decision

to grant the State's motion to strike his petition in intervention. *See* TEX. R. CIV. P. 60. We

affirm.

### I. BACKGROUND

On January 22, 2009, undercover narcotics investigators from the Corpus Christi

Police Department were conducting surveillance on a residence as part of an ongoing investigation of marihuana drug-trafficking at that location.[1] At approximately 11:00 p.m., Stephanie Gonzalez left the residence, waved at the undercover investigators, and entered the front passenger seat of a green Toyota Camry parked outside the home. The driver of the car subsequently drove away at a high rate of speed. The undercover narcotics investigators followed the Camry in their unmarked police vehicle. After committing several traffic violations, the driver of the Camry eventually stopped at a red traffic signal; the investigators stopped directly behind the Camry at the light. Gonzalez then exited the vehicle and aggressively approached the driver's side of the unmarked police vehicle, yelling at the undercover investigators. After Gonzalez attempted to assault one of the undercover investigators, another investigator apprehended Gonzalez. During her arrest, the investigators observed two transparent bags containing a total of $7,477.00 on the Camry's front passenger seat where Gonzalez had been sitting. The undercover investigators determined that this money represented proceeds from the sale of marihuana, based on their observations that day.

On February 20, 2009, the State filed forfeiture proceedings to seize the $7,477.00 pursuant to chapter 59 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 59.01 (Vernon Supp. 2009). In its pleadings, the State asserted that the $7,477.00 was contraband seized "pursuant to a lawful arrest, lawful search[,] or lawful search incident to arrest" and that "it was used or intended to be used in the commission of a felony." *See $43,774.00 in U.S. Currency v. State*, 266 S.W.3d 178, 182 (Tex.

---

[1] The record revealed that an anonymous citizen called the Corpus Christi Police Department that day to report that the residents of a home located at 3229 Washington in Corpus Christi, Texas, sold marihuana. The department immediately dispatched undercover narcotics investigators to survey the home. Based on this surveillance, undercover investigators made five separate arrests for the offense of delivery of marihuana and seized approximately twenty-eight pounds of marihuana, a nine-millimeter semi-automatic pistol, and the cash currency made the subject of this opinion on that day alone.

App.–Texarkana 2008, pet. filed) ("Chapter 59 authorizes the State to pursue the forfeiture of funds that constitute proceeds from illegal drug trafficking."). On July 13, 2009, Castaneda filed a petition in intervention in which he claimed to be the true owner of the $7,477.00. In response, the State filed an answer, objection, and motion to strike Castaneda's petition in intervention. Castaneda later amended his original petition in intervention to include an affidavit, which explained that he had loaned the money at issue to his son, Jonathan Castaneda, and his son's girlfriend, Gonzalez,[2] to purchase a vehicle and vehicle insurance.

On September 15, 2009, the trial court held a hearing on the State's motion to strike Castaneda's petition in intervention. At the hearing, Castaneda reiterated the facts set forth in his affidavit. He testified that he had loaned at least $10,000.00 to his son and his son's girlfriend on January 22, 2009, and that the $7,477.00 at issue was part of the money that he had loaned. The loan, he explained, was from money he had been saving from his employment wages at the Corpus Christi Waste Water Department. Castaneda also testified that he had a written receipt for the loan, but that it had been misplaced. Castaneda did not provide any other documentation or proof of his claims, and he did not present any other witnesses. The trial court granted the State's motion to strike Castaneda's petition in intervention and this appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Texas Rule of Civil Procedure 60 allows a party to automatically intervene in an existing cause of action, "subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. The intervention must be filed before the

---

[2] Jonathan Castaneda was one of the persons arrested for delivery of marihuana on January 22, 2009; Gonzalez is the same woman undercover investigators arrested after she assaulted an investigator on that day.

judgment is rendered. *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984). Under rule 60, persons or entities have the right to intervene if they, or any other party, could have brought the same action themselves, or if they would have been able to defeat recovery, or some part thereof, had the action been brought against them. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). The interest asserted can be legal or equitable. *Id.* An intervenor does not have to seek permission from the court to intervene; rather, the party opposing the intervention bears the burden of challenging the party's inclusion in the case with a motion to strike. *Id.*

If a motion to strike is filed, the trial court should give the intervenor an opportunity to explain and prove his interest in the suit before ruling on the motion to strike. *Grizzle v. Tex. Commerce Bank*, 38 S.W.3d 265, 273 (Tex. App.–Dallas 2001), *rev'd on other grounds*, 96 S.W.3d 240 (Tex. 2002); *In re Estate of York*, 951 S.W.2d 122, 126 (Tex. App.–Corpus Christi 1997, writ denied). The intervenor must demonstrate a justiciable interest in the case. *See, e.g., In re Int'l Marine, LLC*, No. 13-10-00195-CV, 2010 Tex. App. LEXIS 3957, at **8-9 (Tex. App.–Corpus Christi May 25, 2010, orig. proceeding) (citing *In re Union Carbide Corp.*, 273 S.W.3d 152, 154-55 (Tex. 2008) (orig. proceeding)). The justiciable interest must be "greater than a mere contingent or remote interest." *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.–Fort Worth 2003, no pet.); *Rogers v. Searle*, 533 S.W.2d 440, 442 (Tex. Civ. App.–Corpus Christi 1976, no writ); *see also Roberts v. City of La Feria,* No. 13-00-312-CV, 2002 Tex. App. LEXIS 6175, at **8-9 (Tex. App.–Corpus Christi Aug. 22, 2002, no pet.) (not designated for publication).

The right to intervene is subject to wide discretion by the trial court in judging the sufficiency of an opposing party's motion to strike the petition of the intervenor. *Rogers*,

533 S.W.2d at 442. In testing the sufficiency of the facts alleged by the petitioner in the petition for intervention, the facts so alleged should be construed along with the allegations of fact set out in the pleadings of the person who resists the petition in intervention. *Id.* Ultimately, the trial court may decide to: "(a) try the intervention claim; (b) sever the intervention; (c) order a separate trial on the intervention issues; or (d) strike the intervention for good cause." *Saldana v. Saldana*, 791 S.W.2d 316, 320 (Tex. App.–Corpus Christi 1990, no writ). The trial court abuses its discretion in striking the plea if: (1) the intervenor could have brought the same action themselves, or if they would have been able to defeat recovery if the action been brought against them; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is essential to protect the intervenor's interest. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657 (citing *Inter-Cont'l Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex. Civ. App.–Houston [1st Dist.] 1963, writ ref'd n.r.e.)); *In re Estate of York*, 951 S.W.2d at 126.

## III. Discussion

At the hearing on the State's motion to strike, Castaneda stated that the $7,477.00 seized was part of a $10,000.00 loan he had given to his son Jonathan and to Gonzalez. These statements were not supported by any documentation other than an affidavit. The affidavit contained self-serving statements asserting Castaneda's interest in the seized property but failed to provide documentation or other proof of this claim. Castaneda presented no other evidence, such as the testimony of his son or his son's girlfriend, to substantiate his claims.

The State's evidence included testimony by affidavit which stated the following: (1) an anonymous tipster called the Corpus Christi Police Department to report that certain homeowners were selling marihuana from their residence; (2) the police department

dispatched several plain-clothed narcotics investigators to the residence in unmarked vehicles to survey the house for the day; (3) the surveillance led to the arrests of five people, including Jonathan, all for the delivery of marihuana, and the seizure of approximately twenty-eight pounds of marihuana and a nine-millimeter semi-automatic pistol; (4) Gonzalez was seen leaving the aforementioned house under surveillance; (5) when Gonzalez was arrested for assault, undercover investigators noticed two transparent bags containing $7,477.00 on the passenger's front seat of the car where she was sitting; and (6) investigators believed that the money was contraband from the sale of marihuana.

The trial court had broad discretion to determine whether Castaneda had a "justiciable interest" to justify his plea in intervention. *See Rogers*, 533 S.W.2d at 442. After considering the pleadings, the testimony at the hearing, and arguments of counsel, we conclude that the trial court did not abuse its discretion in determining that Castaneda did not have a justiciable interest in the case that was "greater than a mere contingent or remote interest." *See Windle Turley*, 109 S.W.3d at 70. We overrule Castaneda's sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
12th day of August, 2010.

6