NUMBER 13-09-00570-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

SEVEN THOUSAND FOUR HUNDRED SEVENTY-

SEVEN DOLLARS ($7,477.00) IN U.S. CURRENCY, Appellant,


v.

 

THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Justice Garza
 

 In this forfeiture case, appellant Joe E. Castaneda appeals the trial court's decision
to grant the State's motion to strike his petition in intervention. See Tex. R. Civ. P. 60. We
affirm.

I. Background

 On January 22, 2009, undercover narcotics investigators from the Corpus Christi
Police Department were conducting surveillance on a residence as part of an ongoing
investigation of marihuana drug-trafficking at that location. (1) At approximately 11:00 p.m.,
Stephanie Gonzalez left the residence, waved at the undercover investigators, and entered
the front passenger seat of a green Toyota Camry parked outside the home. The driver
of the car subsequently drove away at a high rate of speed. The undercover narcotics
investigators followed the Camry in their unmarked police vehicle. After committing several
traffic violations, the driver of the Camry eventually stopped at a red traffic signal; the
investigators stopped directly behind the Camry at the light. Gonzalez then exited the
vehicle and aggressively approached the driver's side of the unmarked police vehicle,
yelling at the undercover investigators. After Gonzalez attempted to assault one of the
undercover investigators, another investigator apprehended Gonzalez. During her arrest,
the investigators observed two transparent bags containing a total of $7,477.00 on the
Camry's front passenger seat where Gonzalez had been sitting. The undercover
investigators determined that this money represented proceeds from the sale of
marihuana, based on their observations that day.

 On February 20, 2009, the State filed forfeiture proceedings to seize the $7,477.00
pursuant to chapter 59 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. art. 59.01 (Vernon Supp. 2009). In its pleadings, the State asserted that the
$7,477.00 was contraband seized "pursuant to a lawful arrest, lawful search[,] or lawful
search incident to arrest" and that "it was used or intended to be used in the commission
of a felony." See $43,774.00 in U.S. Currency v. State, 266 S.W.3d 178, 182 (Tex.
App.-Texarkana 2008, pet. filed) ("Chapter 59 authorizes the State to pursue the forfeiture
of funds that constitute proceeds from illegal drug trafficking."). On July 13, 2009,
Castaneda filed a petition in intervention in which he claimed to be the true owner of the
$7,477.00. In response, the State filed an answer, objection, and motion to strike
Castaneda's petition in intervention. Castaneda later amended his original petition in
intervention to include an affidavit, which explained that he had loaned the money at issue
to his son, Jonathan Castaneda, and his son's girlfriend, Gonzalez, (2) to purchase a vehicle
and vehicle insurance. 

 On September 15, 2009, the trial court held a hearing on the State's motion to strike
Castaneda's petition in intervention. At the hearing, Castaneda reiterated the facts set
forth in his affidavit. He testified that he had loaned at least $10,000.00 to his son and his
son's girlfriend on January 22, 2009, and that the $7,477.00 at issue was part of the money
that he had loaned. The loan, he explained, was from money he had been saving from his
employment wages at the Corpus Christi Waste Water Department. Castaneda also
testified that he had a written receipt for the loan, but that it had been misplaced. 
Castaneda did not provide any other documentation or proof of his claims, and he did not
present any other witnesses. The trial court granted the State's motion to strike
Castaneda's petition in intervention and this appeal followed.

II. Standard of Review and Applicable Law 

 Texas Rule of Civil Procedure 60 allows a party to automatically intervene in an
existing cause of action, "subject to being stricken out by the court for sufficient cause on
the motion of any party." Tex. R. Civ. P. 60. The intervention must be filed before the
judgment is rendered. First Alief Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984). Under
rule 60, persons or entities have the right to intervene if they, or any other party, could have
brought the same action themselves, or if they would have been able to defeat recovery,
or some part thereof, had the action been brought against them. Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990). The interest asserted can
be legal or equitable. Id. An intervenor does not have to seek permission from the court
to intervene; rather, the party opposing the intervention bears the burden of challenging the
party's inclusion in the case with a motion to strike. Id. 

 If a motion to strike is filed, the trial court should give the intervenor an opportunity
to explain and prove his interest in the suit before ruling on the motion to strike. Grizzle v.
Tex. Commerce Bank, 38 S.W.3d 265, 273 (Tex. App.-Dallas 2001), rev'd on other
grounds, 96 S.W.3d 240 (Tex. 2002); In re Estate of York, 951 S.W.2d 122, 126 (Tex.
App.-Corpus Christi 1997, writ denied). The intervenor must demonstrate a justiciable
interest in the case. See, e.g., In re Int'l Marine, LLC, No. 13-10-00195-CV, 2010 Tex.
App. LEXIS 3957, at **8-9 (Tex. App.-Corpus Christi May 25, 2010, orig. proceeding)
(citing In re Union Carbide Corp., 273 S.W.3d 152, 154-55 (Tex. 2008) (orig. proceeding)). 
The justiciable interest must be "greater than a mere contingent or remote interest." Law
Offices of Windle Turley, P.C. v. Ghiasinejad, 109 S.W.3d 68, 70 (Tex. App.-Fort Worth
2003, no pet.); Rogers v. Searle, 533 S.W.2d 440, 442 (Tex. Civ. App.-Corpus Christi
1976, no writ); see also Roberts v. City of La Feria, No. 13-00-312-CV, 2002 Tex. App.
LEXIS 6175, at **8-9 (Tex. App.-Corpus Christi Aug. 22, 2002, no pet.) (not designated
for publication). The right to intervene is subject to wide discretion by the trial court in judging the
sufficiency of an opposing party's motion to strike the petition of the intervenor. Rogers,
533 S.W.2d at 442. In testing the sufficiency of the facts alleged by the petitioner in the
petition for intervention, the facts so alleged should be construed along with the allegations
of fact set out in the pleadings of the person who resists the petition in intervention. Id.
Ultimately, the trial court may decide to: "(a) try the intervention claim; (b) sever the
intervention; (c) order a separate trial on the intervention issues; or (d) strike the
intervention for good cause." Saldana v. Saldana, 791 S.W.2d 316, 320 (Tex.
App.-Corpus Christi 1990, no writ). The trial court abuses its discretion in striking the plea
if: (1) the intervenor could have brought the same action themselves, or if they would have
been able to defeat recovery if the action been brought against them; (2) the intervention
will not complicate the case by an excessive multiplication of the issues; and (3) the
intervention is essential to protect the intervenor's interest. Guar. Fed. Sav. Bank, 793
S.W.2d at 657 (citing Inter-Cont'l Corp. v. Moody, 411 S.W.2d 578, 589 (Tex. Civ.
App.-Houston [1st Dist.] 1963, writ ref'd n.r.e.)); In re Estate of York, 951 S.W.2d at 126. 

 III. Discussion

At the hearing on the State's motion to strike, Castaneda stated that the $7,477.00
seized was part of a $10,000.00 loan he had given to his son Jonathan and to Gonzalez. 
These statements were not supported by any documentation other than an affidavit. The
affidavit contained self-serving statements asserting Castaneda's interest in the seized
property but failed to provide documentation or other proof of this claim. Castaneda
presented no other evidence, such as the testimony of his son or his son's girlfriend, to
substantiate his claims. 

The State's evidence included testimony by affidavit which stated the following: (1)
an anonymous tipster called the Corpus Christi Police Department to report that certain
homeowners were selling marihuana from their residence; (2) the police department
dispatched several plain-clothed narcotics investigators to the residence in unmarked
vehicles to survey the house for the day; (3) the surveillance led to the arrests of five
people, including Jonathan, all for the delivery of marihuana, and the seizure of
approximately twenty-eight pounds of marihuana and a nine-millimeter semi-automatic
pistol; (4) Gonzalez was seen leaving the aforementioned house under surveillance; (5)
when Gonzalez was arrested for assault, undercover investigators noticed two transparent
bags containing $7,477.00 on the passenger's front seat of the car where she was sitting;
and (6) investigators believed that the money was contraband from the sale of marihuana.

The trial court had broad discretion to determine whether Castaneda had a
"justiciable interest" to justify his plea in intervention. See Rogers, 533 S.W.2d at 442. 
After considering the pleadings, the testimony at the hearing, and arguments of counsel,
we conclude that the trial court did not abuse its discretion in determining that Castaneda
did not have a justiciable interest in the case that was "greater than a mere contingent or
remote interest." See Windle Turley, 109 S.W.3d at 70. We overrule Castaneda's sole
issue.

III. Conclusion

The judgment of the trial court is affirmed.

 ________________________

 DORI CONTRERAS GARZA

 Justice 

Delivered and filed the

12th day of August, 2010.
1. 
 
 
 
 - - - 
 
2. Jonathan Castaneda was one of the persons arrested for delivery of marihuana on January 22,
2009; Gonzalez is the same woman undercover investigators arrested after she assaulted an investigator on
that day.